UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 - 12678 WGY
DOCKET NO:

)
JOSEPH LOMBARDI,                )
    Plaintiff                   )
                                )   MAGISTRATE JUDGE _Colen_
v.                              )
                                )
LOWE'S HOME CENTERS, INC.,      )
    Defendant.                  )
                                )

**NOTICE OF REMOVAL**

RECEIPT # _60993_
AMOUNT $_150_
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _12/21/04_

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1446(a), the defendant, Lowe's Home Centers, Inc.,

hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a)

and states the following grounds for removal:

1.    On November 23, 2004, a negligence action styled and captioned as above and

assigned Civil Action No. 04-05129-G was filed against the defendant in the Suffolk Superior

Court.

2.    The plaintiff served the Summons, Complaint, Tracking Order, and

Interrogatories upon the defendant on or about December 8, 2004.

3.    The Summons, Complaint, Tracking Order, and Interrogatories constitute all

process, pleadings, and orders served on the defendant to date in this action.  Copies of each are

attached as Exhibit "A."

4.    This Notice of Removal to the United States District Court has been filed within

30 days of service of the Summons and Complaint upon the defendant, and thus has been filed in

942867v1

a timely manner pursuant to the provisions of 28 U.S.C. § 1446(b).  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

5.    The defendant has provided written notice, as required by 28 U.S.C. § 1446(d), to the adverse party and clerk of the state court in which this case was initially filed.

6.    Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in this Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

a.    The defendant, Lowe's Home Centers, Inc., is a North Carolina corporation with its principal place of business in Wilkesboro, North Carolina.

b.    The plaintiff, Joseph Lombardi, based on his Complaint, is an individual residing in Burlington, Massachusetts.

c.    Based on the $150,000 demand for settlement made by the plaintiff, the amount in controversy exceeds $75,000.  A copy of the demand letter is attached as Exhibit "B."

7.    Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal of the state court action which was commenced in the Suffolk Superior Court.

WHEREFORE, the defendant requests that the action pending in Suffolk County be removed therefrom to this Court and proceed as an action properly so removed.

2

942867v1

Respectfully submitted,
The defendant,
Lowe's Home Centers, Inc.,
By its Attorneys

_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
Tel. (617) 439-7500

Dated: _December 21, 2004_

## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on December _21_ , 2004:

Frances A. King, Esquire
10 Tremont Street, Suite 3
Boston, MA 02108

_____
Jacy L. Wilson, Esquire

942867v1

**FRANCES A. KING**
**ATTORNEY AT LAW**
**10 TREMONT STREET, SUITE 3**
**BOSTON, MA 02108**

Tel:    617 – 523-0161

Fax:    617 – 523-8046

July 15, 2004

Mr. Art Groves
SRS
Post Office Box 29618
Charlotte, N.C. 28229

RE:    My Client:            Joseph Lombardi
        Date of Accident:    April 8, 2004
        Your Claim No.#      64705

Dear Mr. Groves,

I hope that you are enjoying your summer.

I enclose medical records for Joseph Lombardi and a demand for settlement.

FACTS:

Mr. Lombardi was lawfully on the premises of Lowes's Store (your insured) on April 8, 2004 when he attempted to retrieve an item on a shelf. He slipped on balusters which were negligently on the floor, fell backwards, and hit his head and right shoulder on a cart when he attempted to stop his fall. He was unconscious for seconds.

As a result of the fall, Mr. Lombardi suffered three tears to his right shoulder.

I enclose the following:

1.    CAT scan from the UMass Memorial Hospital the day of the accident,
2.    MRI report clearly showing the three tears to his right shoulder.
3.    Twelve pages of reports from Dr. Seema Naravane and Dr. Douglas Fellows (orthopedic medicine).

As indicated from Dr. Naravane's records, Mr. Lombardi presented on 4/13/04 with right shoulder pain, headaches, a lump on his head , a head concussion, worsening of low back pain and left knee pain all related to the fall of April 8, 2004. He was prescribed percocet for pain.

On April 27, 2004, he presented with continued worsening of his lower back pain and right shoulder pain. Dr. Naravene questioned rotator cuff injury and scheduled an MRI which was positive for tears of Mr. Lombardi's right shoulder.

On May 20, 2004, Mr. Lombardi was referred to Dr. Douglas Fellows, orthopedic medicine for evaluation of his right shoulder. At that time, Mr. Lombardi was having difficulty lifting things and reaching overhead.

On May 27, 2004, he continued to have right shoulder pain. On June 3, 2004, an MRI confirmed three tears in his right shoulder. The MRI was consistent with severe chronic impingement, a full-thickness tear of the supraspinatus, a high-grade partial tear of the infraspinatus, and insertional tear of the subscapularis.

As of June 18, 2004 Mr. Lombardi was still quite symptomatic. He is scheduled to consult with an orthopedic surgeon on August 16, 2004.

DISABILITY:

Mr. Lombardi was a part-time carpenter and personal trainer. He can no longer do either skill due to his right shoulder injury and the aggravation of his pre-exiting back and knee injuries as a direct result of the fall of April 8, 2004.

This permanent disability is the direct result of the negligence of your insured by allowing a dangerous condition to exist on the premises.

DEMAND:

Mr. Lombardi is 65 years old and collects social security. He, no doubt, will no longer be able to do any carpentry work and certainly not any personal trainer work.

In view of the serious injury that Mr. Lombardi suffered, he demands $150,000.00 (one hundred and fifty thousand dollars) in full and final settlement of this matter.

I look forward to hearing from you after you have had an opportunity to review the medical reports that I have submitted.

Very truly yours,

Frances A. King

FAKjpl
Encl.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2004 05139

Joseph Lombardi ____, Plaintiff(s)

v.

Lowes Home Centers Inc Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Frances A. Hing

plaintiff's attorney, whose address is 10 Tremont St. #3 Boston, mA 021, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
Witness, Suzanne V. DelVecchio, Esquire, at Boston, the_____ day of
_____, in the year of our Lord two thousand _____.

A true copy Attest:                    Michael Joseph Donovan

7/18/04  Deputy Sheriff Suffolk County

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET# SUCV2004-05129-G

RE:   **Lombardi v Lowe's Home Centers Inc**

TO: Frances A King, Esquire
10 Tremont Street
Suite 3
Boston, MA 02108

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 02/21/2005 |
| Response to the complaint filed (also see MRCP 12) | 04/22/2005 |
| All motions under MRCP 12, 19, and 20 filed | 04/22/2005 |
| All motions under MRCP 15 filed | 04/22/2005 |
| All discovery requests and depositions completed | 09/19/2005 |
| All motions under MRCP 56 served and heard | 10/19/2005 |
| Final pre-trial conference held and firm trial date set | 11/18/2005 |
| Case disposed | 01/17/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session G sitting in CtRm 3 - 12th fl., 90 Devonshire St., Boston at Suffolk Superior Court.

Dated: 11/24/2004

Michael Joseph Donovan
Clerk of the Courts

·BY: Judith Trocki/Claire Walsh
Assistant Clerk

Location: CtRm 3 - 12th fl., 90 Devonshire St., Boston
Telephone: 617-788-8121

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tclc

cvdtrack_2.wpd 2810828 inidoc01 cloechri

# Commonwealth of Massachusetts

**SUFFOLK, SS.**

**SUPERIOR COURT DEPARTMENT**
**OF THE TRIAL COURT**
**CIVIL ACTION NO.:**

**JOSEPH LOMBARDI,**
                    **PLAINTIFF**

                    v.

**CIVIL COMPLAINT**

**LOWE'S HOME CENTERS, INC.,**
                    **DEFENDANT**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### COUNT I NEGLIGENCE

1.    Plaintiff JOSEPH LOMBARDI (hereinafter "Plaintiff") is an individual who resides at
      Maple Street, Burlington, Massachusetts, Middlesex County, Massachusetts, and has
      employment in Suffolk County;

2.    Defendant, LOWE'S HOME CENTERS, INC. (hereinafter "Defendant") is a NORTH
      CAROLINA CORPORATION in the business of Home Improvements and open to serve
      the public, having a usual place of business located at varied locations in Massachusetts,
      and corporate offices at 1605 Curtis Bridge Road, Wilkesboro, NC, 2865.

3.    On or about April 8, 2004, Plaintiff was a patron, visitor or business invitee of Defendant
      at the aforesaid place of business and was lawfully on the premises of Defendant.

4.    On or about said date, Defendant operated its business in such a manner as to cause
      injury to Plaintiff, said injury occurring on Defendant's premises as the result of
      Defendant's negligent failure properly to maintain its premises, to wit, allowing several
      balusters to protrude out into the walking area and causing the Plaintiff to trip and fall on
      said balusters causing serious injury to the Plaintiff.

5.    As a direct and proximate result of the negligence of Defendant, Plaintiff was caused to
      suffer severe personal injuries, pain and suffering, loss of earning capacity and to incur
      medical bills and other costs.

6.    Jurisdiction is hereby conferred by the Massachusetts Long Arm Statute, G.L. 233, § 38;
      as the Defendant is engaged in or soliciting business in the Commonwealth.

Wherefore, Plaintiff prays that judgment be entered against Defendant in an amount that

willfully and adequately compensate for Plaintiff's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

Dated: November 22, 2004                    Respectfully submitted,

                                            JOSEPH LOMBARDI,
                                            By his Attorney,


                                            FRANCES A. KING
                                            Attorney for Plaintiff
                                            FRANCES A. KING
                                            10 TREMONT STREET
                                            BOSTON, MA 02108
                                            BBO#: 546907
                                            Telephone: 617 - 523-0161

# Commonwealth of Massachusetts

**SUFFOLK, SS.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: SUCV2004-05129-
G**

**JOSEPH LOMBARDI,**

**PLAINTIFF**

v.

**LOWE,**

**DEFENDANT**

## INTERROGATORIES PROPOUNDED BY PLAINTIFF
## TO BE ANSWERED UNDER OATH BY DEFENDANT

**Please take notice that,** pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure, and to the Instructions and Definitions set forth below, you are hereby required to submit, under oath and subject to the pains and penalties of perjury, written responses to the following Interrogatories propounded by Plaintiff, JOSEPH LOMBARDI, to be answered under oath by Defendant, LOWE, the same to be filed with FRANCES A. KING, Plaintiff's Attorney of record, within forty-five (45) days from the date hereof.

## I. INSTRUCTIONS

You are required, when answering the following Interrogatories, to make inquiry of your agents, servants, employees, accountants, advisors, attorneys, banks and bankers, bookkeepers, brokers, consultants, creditors, debtors, employers, financial planners, health care professionals, trustees and any and all other persons who are in any way able to assist you in providing your complete responses to these Interrogatories; and to examine any and all documents as described in II. DEFINITIONS, below, which are in any way relevant and necessary to aid you in providing your complete responses to these Interrogatories.

If you are unable to answer any Interrogatory or part thereof, you are required to answer to the best of your ability and to state the reason for your inability to answer and what efforts you have made to obtain the requested information.

These Interrogatories are to be deemed continuing in nature, requiring supplemental answers thereto to the extent required by Rule 26(e) of the Massachusetts Rules of Civil Procedure. If you or your

information relevant to these Interrogatories, or discover any other person or persons having knowledge relevant to these Interrogatories, you are required to provide such additional information and to furnish the names and addresses of such persons to Plaintiff's Attorney of record; and, in the event such other person or persons are anticipated to be witnesses in this matter, to give timely notice as to such witnesses and as to their anticipated testimony in connection with any of the issues involved herein. [*See* IV. SUPPLEMENTAL RESPONSES TO INTERROGATORIES, *below.*]

## II. DEFINITIONS

As used in these Interrogatories, the definitions of the terms set forth below shall be as follows:

- "You" and "your" shall refer to Defendant LOWE, or, wherever applicable, to anyone acting on said Defendant's behalf.

- "Plaintiff" includes Plaintiff JOSEPH LOMBARDI, and said Plaintiff's agents, representatives, and attorneys, and each and every one of them.

- "Defendant" includes Defendant LOWE, and said Defendant's agents, representatives, and attorneys, and each and every one of them.

- "Person" or "persons" shall include natural persons, sole proprietorships, firms, partnerships, associations, joint ventures and corporations.

- "Accident," "incident" or "occurrence" shall mean the incident alleged in the Complaint.

- "Documents" shall mean all documents and all written, recorded or graphic matter of any kind and nature whatsoever, however produced or reproduced, whether hand-written, typed or computer-generated, including, but not limited to, the following:

   account statements; analyses; applications; bank statements, passbooks and other bank records; bills; books and books of account; business diaries; cancelled checks and check stubs; certificates, certificates of deposit and other depository records; computer tapes and like-recorded data; contracts; correspondence and other communications, however transmitted and/or recorded; data processing forms and reports; evaluations; insurance policies and premium invoices; ledgers; minutes of meetings; notes; office memoranda; opinions; pamphlets; personal diaries; personal memoranda; police reports; profit and loss statements; recordings of any kind or nature; records of health professionals; reports; schedules; statements and statements of earnings; tax returns, including forms and schedules attendant thereto; telephone and other communication logs and records; videotapes; and all drafts and non-identical copies of the foregoing.

- The words "identify", "identity" or "identification" when used in reference to a natural person shall mean to state his full name and present or last known address, his present or last known

position and business affiliation, and each of his positions during the relevant time period as defined below; when used in reference to a document kept or prepared in the course of business such words shall mean to state its date, its author, the type of document (*e.g.*, letter, memorandum, telegram, chart, photograph, sound reproduction, etc.), a brief description of its contents or, if the above information is not available, some other means of identifying it and its present location and the name of its present custodian(s). If any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others and if so, to whom, or (d) otherwise disposed of, and in each instance, explain the circumstances surrounding and authorization for such disposition thereof and state the date or approximate date thereof.

- The use of any singular term shall be deemed to be inclusive of more than one, wherever applicable.

## III. CLAIMS OF PRIVILEGE

If you invoke a claim of privilege as to any Interrogatory, you are required to answer such Interrogatory by so declaring and by stating briefly and with particularity the facts or circumstances alleged by you in support of such claim.

## IV. SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Pursuant to Rule 26(e) of the Massachusetts Rules of Civil Procedure, all Interrogatories, the responses to which are later found to have been incorrect when made or no longer to be true, will be deemed to be continuing in nature so as to require supplemental answers through the time of trial. Such supplemental answers shall be furnished within a reasonable time after the occurrence of the event necessitating the supplemental answers.

## V. INTERROGATORIES

### *INTERROGATORY NO. 1:*

Please state the full name and address or last known address of Defendant answering and, if different, please state:

a) The full name, address, employer, title and position of the person signing the answers to these Interrogatories; and

b) The full name, address or last known address, employer, title and position of each person consulted or who assisted in the preparation of your answers to these Interrogatories.

**INTERROGATORY NO. 2:**

State the full name, address or last known address, employer, title and position of each person who witnessed or claimed to have witnessed the occurrence alleged in the Complaint.

**INTERROGATORY NO. 3:**

Please state the full name and address or last known address, employer, title and position of each person not named in Interrogatory No. 2 who was present or claims to have been present at the scene immediately before, at the time of and/or immediately after the occurrence alleged in the Complaint.

**INTERROGATORY NO. 4:**

Please state whether you were named or covered under any policy of liability insurance effective on the date of the occurrence alleged in the Complaint and, if so, state the name of each such company, each such policy number, the effective period and the maximum liability limits for each such policy, person and occurrence.

**INTERROGATORY NO. 5:**

Please state whether any complaints or claims have been received by Defendant or its agents, servants or employees alleging a defect upon, of or about the premises of Defendant and, if so, please state:

   a) From whom each such claim or complaint was received;
   b) The date on which each such claim or complaint was received;
   c) The substance of the allegations of, and the circumstances surrounding each such claim or complaint; and
   d) The disposition of each such claim or complaint.

**INTERROGATORY NO. 6:**

Please state whether you have any information tending to indicate any of the following:

   a) That the Plaintiff was, within the five (5) years immediately prior to the occurrence alleged in the Complaint, confined in a hospital, treated by a physician or x-rayed for any reason other than personal injury and, if so, please state the name and address of each such hospital, physician, technician or clinic, the approximate date of each such confinement or service and state, in general, the reason for such confinement or service.
   b) That the Plaintiff had suffered any serious personal injury or illness *prior* to the date of said occurrence and, if so, please state for each such Plaintiff when, where and in general how the Plaintiff was injured and describe in general each such injury suffered; or state when the Plaintiff was ill and describe in general each such illness.

c) That the Plaintiff had suffered any serious personal injury or illness *since* the date of said occurrence and, if so, please state for each such Plaintiff when, where and in general how the Plaintiff was injured and describe in general each such injury suffered; or state when the Plaintiff was ill and describe in general each such illness.

d) That the Plaintiff has filed any other suit or claim for personal injuries sustained and, if so, please state for each such Plaintiff the court in which such suit or claim was filed, the year of filing, the title and docket number of each such action.

### INTERROGATORY NO. 7:

Please state whether you, your attorneys or agents thereof have any statements, or any notes or memoranda of any statements, from any witnesses or persons who claim to have witnessed or who may have knowledge or who claim to have knowledge of the occurrence alleged in the Complaint, including any statement made by the Plaintiff and, if so, please state:

a) The name, address or last known address, employer, title and position of each person whose statement was taken;

b) The name, address or last known address, employer, title and position of each person who took the statement or was present at the time each such statement was taken;

c) The date each such statement was taken;

d) Whether each such statement was written or oral;

e) The name, address or last known address, employer, title and position of each person to whom each such statement was communicated;

f) The name, address or last known address, employer, title and position of each person having possession of said statement or any notes or memoranda of any such statement; and

g) The substance of each such statement.

### INTERROGATORY NO. 8:

Please state whether any movies, videotapes or other photographs or other recordings were taken of the Plaintiff or other person involved in the occurrence alleged in the Complaint or the scene of such occurrence at any time prior to, at the time of or subsequent to such occurrence and, if so, please state:

a) The date of each such movie, videotape, photograph or recording or any negative thereof;

b) The name, address or last known address, employer, title and position of each person who took each such movie, videotape, photograph or recording or any negative thereof;

c) The name, address or last known address, employer, title and position of each person having possession of each such movie, videotape, photograph or other recording or any negative thereof; and

d) A description f the substance of each such movie, videotape, photograph or recording or any negative thereof.

### INTERROGATORY NO. 9:

Please state whether any Defendant had reason to believe that there was any defective condition upon, of or about the said premises prior to the date of the occurrence alleged in the Complaint and, if so, please state:

a)  Whether such information was obtained as a result of an inspection made by or on behalf of any Defendant herein, and if so, state the name and address or last known address, employer, title, position and telephone number of each person who made such inspection, and the date of each such inspection;

b)  Whether any Defendant was informed of the condition by someone other than an employee, agent or servant of any Defendant and, if so, the name or other means of identification, address or last known address, employer, title, position and telephone number of each such person who informed any Defendant herein, and the date on which such information was received;

c)  Whether there is or was any record of the receipt of such information and, if so, the name or other means of identification of each such record and each such person or agency who was given or who had or has possession of each such record; and

d)  The substance of any such information; and

e)  If any record referred to in your answer to this Interrogatory no longer exists, has been lost, destroyed or is otherwise unavailable, describe fully the circumstances of such unavailability.

### INTERROGATORY NO. 10:

Please state whether, after learning of the condition of the premises alleged in the Complaint, any Defendant or person acting on Defendant's behalf posted any sign or other device warning of the defect and, if so, for each such warning, please state:

a)  The date and time when each such warning was posted;

b)  A description of the nature of each such warning posted; and

c)  The name, address or last known address, employer, title and position of each person, organization or company posting each such warning.

### INTERROGATORY NO. 11:

Please state whether there were any procedures, written or unwritten, formal or informal, for the inspection or maintenance of the premises and, if so, please state:

a)  The name, address, employer and position of each person having custody of each such written procedure;

b)  For all such procedures, whether written or oral, the manner in which they were communicated, the names and addresses or last known addresses of all persons to whom they were communicated and when they were communicated; and

c) The name, address, employer, title and position of each person who had knowledge of said procedures prior to the time of the occurrence alleged in the Complaint.

### INTERROGATORY NO. 12:

Please state whether any Defendant was notified orally, in writing or otherwise of any complaints of alleged defects or obstructions upon, of or about the premises at any time prior to, at the time of or subsequent to the time of the occurrence alleged in the Complaint and, if so, please state:

a) Whether such information was obtained as a result of an inspection made by or on behalf of any Defendant and if so, the name, address or last known address, employer, title and position of each person who made each such inspection and the date of each such inspection;

b) Whether Defendant was informed of the condition by someone other than an employee, agent or servant of any Defendant and if so, the name, address or last known address, employer, title and position and telephone number of each person who informed Defendant and the date on which the information was received;

c) Whether there is or was any record of the receipt of such information and, if so, the name, address or last known address, employer, title and position of each such person and agency in possession of such records, and the title or other identification or description of the content of such records; and

d) The substance of any such information.

### INTERROGATORY NO. 13:

Please state whether any Defendant or any person on any Defendant's behalf, after learning of any defect in, of or upon the premises repaired or attempted to repair said defect and, if so, please state:

a) The date of each such repair or attempted repair;

b) The name, address or last known address, employer, title and position of each person, company, organization or other entity making such repair or attempted repair;

c) A description of the nature of each such repair or attempted repair; and

d) The cost of making each such repair or attempted repair.

### INTERROGATORY NO. 14:

Please state whether there had been any other occurrence(s) whether or not resulting in personal injury involving the condition of the premises at any time prior to the occurrence alleged in the Complaint and, if so, for each such occurrence please state:

a) The date, time and location upon the premises where it occurred;

b) The name, address or last known address, employer, title and position of each person involved, including victim(s) and witnesses; and

c) A brief description of how it occurred.

### *INTERROGATORY NO. 15:*

Please state what substance or material was on the floor when Plaintiff fell as alleged in the Complaint.

### *INTERROGATORY NO. 16:*

Please state the last time prior to the occurrence alleged in the complaint:

a) That the floor in the immediate vicinity of the occurrence was swept;
b) That the floor in the immediate vicinity of the occurrence was cleaned;
c) That the floor in the immediate vicinity of the occurrence was mopped; and
d) That the floor in the immediate vicinity of the occurrence was polished or waxed.

### *INTERROGATORY NO. 17:*

With reference to the preceding Interrogatory, please describe what was done to the floor, the name, address or last known address, employer, title and position of each person, company, organization who performed the work and the date and time the work was performed.

### *INTERROGATORY NO. 18:*

Please state whether you have any statements from any witnesses, post-occurrence witnesses or any persons having knowledge of or claiming to have knowledge of any facts relevant to the incident alleged in the Complaint or the injuries and damages suffered in connection therewith and, if so, please state the name and address of each such witness, the date the said statement was taken, the name and address of the person taking such statement, whether the statement was written, taped or oral and the substance of each such statement.

### *INTERROGATORY NO. 19:*

Please state whether any other employee, agent or servant of Defendant witnessed the occurrence alleged in the Complaint and, if so, please state the name, address, title and position of each such person.

### *INTERROGATORY NO. 20:*

Please state whether you have retained, or plan to retain an expert, whether medical or otherwise, for purposes of consultation and/or testimony at trial concerning some aspect of the alleged

occurrence or the consequences of said occurrence and if so, please state:

a) The name and address of each such expert;
b) The academic, employment and background qualifications of each such expert;
c) The field or specialty in which you contend that such individual possesses special knowledge or expertise;
d) The opinions or conclusions of such expert on any aspect of the alleged occurrence or the consequences deriving therefrom; and
e) The factual basis upon which each expert bases his or her opinions or conclusions.

Dated: December 2, 2004                    JOSEPH LOMBARDI,
                                           By his Attorney,


                                           FRANCES A. KING
                                           Attorney for Plaintiff
                                           FRANCES A. KING
                                           10 TREMONT STREET
                                           BOSTON, MA 02108
                                           BBO#: 546907
                                           Telephone: 617 - 523-0161

## CERTIFICATE OF SERVICE

The **undersigned hereby certifies** that a true copy of the within Plaintiff's Interrogatories to be Answered Under Oath by Defendant was this day served upon all parties to this action by SERVICE BY SUFFOLK COUNTY SHERIFF to all Attorneys of record.

SIGNED under the pains and penalties of perjury.

Dated: December 2, 2004

_____
FRANCES A. KING

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Joseph Lombardi v. Lowe's Home Centers, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

- [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

- [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **None**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division [x]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Thomas C. Federico, Esq.**
                 **Morrison Mahoney LLP**
ADDRESS          **250 Summer Street, Boston, MA 02210-1181**
TELEPHONE NO.    **617-439-7500**

(Coversheetlocal.wpd - 10/17/02)

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joseph Lombardi

## DEFENDANTS
Lowe's Home Centers, Inc.

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Frances A. King, Esq.
10 Tremont Street
Boston, MA 02108    (617) 523-2161

Attorneys (If Known)
Thomas C. Federico, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02110    617-439-7500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans | Liability Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health | | Exchange |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| of Veteran's Benefits | Liability / ☐ 371 Truth in Lending | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Property Damage | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 385 Property Damage | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | ☒ 360 Other Personal Injury Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** | | | ☐ 871 IRS—Third Party | |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | | ☐ 791 Empl. Ret. Inc. Security Act | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | | |
| | ☐ 550 Civil Rights | | | | |
| | ☐ 555 Prison Condition | | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **$150,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 10/21/04
SIGNATURE OF ATTORNEY OF RECORD    Thomas Federico

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____