*Suffolk Superior Civil # 04-5129*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 - 12678WGY

JOSEPH LOMBARDI,
    Plaintiff
)
)
)
v. )
)
)
LOWE'S HOME CENTERS, INC.,
    Defendant.
)
)
)

### NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

    Pursuant to 28 U.S.C. § 1446(a), the defendant, Lowe's Home Centers, Inc., hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and states the following grounds for removal:

    1.    On November 23, 2004, a negligence action styled and captioned as above and assigned Civil Action No. 04-05129-G was filed against the defendant in the Suffolk Superior Court.

    2.    The plaintiff served the Summons, Complaint, Tracking Order, and Interrogatories upon the defendant on or about December 8, 2004.

    3.    The Summons, Complaint, Tracking Order, and Interrogatories constitute all process, pleadings, and orders served on the defendant to date in this action. Copies of each are attached as Exhibit "A."

    4.    This Notice of Removal to the United States District Court has been filed within 30 days of service of the Summons and Complaint upon the defendant, and thus has been filed in

a timely manner pursuant to the provisions of 28 U.S.C. § 1446(b). See <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

5. The defendant has provided written notice, as required by 28 U.S.C. § 1446(d), to the adverse party and clerk of the state court in which this case was initially filed.

6. Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in this Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

   a. The defendant, Lowe's Home Centers, Inc., is a North Carolina corporation with its principal place of business in Wilkesboro, North Carolina.

   b. The plaintiff, Joseph Lombardi, based on his Complaint, is an individual residing in Burlington, Massachusetts.

   c. Based on the $150,000 demand for settlement made by the plaintiff, the amount in controversy exceeds $75,000. A copy of the demand letter is attached as Exhibit "B."

7. Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal of the state court action which was commenced in the Suffolk Superior Court.

WHEREFORE, the defendant requests that the action pending in Suffolk County be removed therefrom to this Court and proceed as an action properly so removed.

I HEREBY ATTEST AND CERTIFY ON

DEC. 28, 2004, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY *[signature]*

ASSISTANT CLERK.
Dated: *December 21, 2004*

Respectfully submitted,
The defendant,
Lowe's Home Centers, Inc.,
By its Attorneys

*[signature: Thomas C. Federico]*

_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on December _4_, 2004:

Frances A. King, Esquire
10 Tremont Street, Suite 3
Boston, MA 02108

*[signature]*
_____
Jacy L. Wilson, Esquire

3

942867v1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
CIVIL ACTION NO: 04-5129G

| | |
|---|---|
| JOSEPH LOMBARDI,<br>Plaintiff<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE TO STATE COURT OF NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that on December 21, 2004 the above-captioned action was removed to the United States District Court for the District of Massachusetts pursuant to Title 28, United States Code, Sections 1441 and 1446. A certified copy of said notice of removal is attached as Exhibit 1, in accordance with Title 28, United States Code, Section 1446(d).

Respectfully submitted,
Defendant,
Lowe's Home Centers, Inc.,
By its Attorneys,

_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: December 22, 2004

942760v1

## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on December 22, 2004:

        Frances A. King, Esquire
        10 Tremont Street, Suite 3
        Boston, MA 02108

_____
Jacy L. Wilson, Esquire

942760v1

# Commonwealth of Massachusetts

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: 04-5129

JOSEPH LOMBARDI,
    PLAINTIFF

v.

LOWE'S HOME CENTERS, INC.,
    DEFENDANT

CIVIL COMPLAINT

## COMPLAINT AND DEMAND FOR JURY TRIAL

### COUNT I NEGLIGENCE

1. Plaintiff JOSEPH LOMBARDI (hereinafter "Plaintiff") is an individual who resides at Maple Street, Burlington, Massachusetts, Middlesex County, Massachusetts, and has employment in Suffolk County;

2. Defendant, LOWE'S HOME CENTERS, INC. (hereinafter "Defendant") is a NORTH CAROLINA CORPORATION in the business of Home Improvements and open to serve the public, having a usual place of business located at varied locations in Massachusetts, and corporate offices at 1605 Curtis Bridge Road, Wilkesboro, NC, 2865.

3. On or about April 8, 2004, Plaintiff was a patron, visitor or business invitee of Defendant at the aforesaid place of business and was lawfully on the premises of Defendant.

4. On or about said date, Defendant operated its business in such a manner as to cause injury to Plaintiff, said injury occurring on Defendant's premises as the result of Defendant's negligent failure properly to maintain its premises, to wit, allowing several balusters to protrude out into the walking area and causing the Plaintiff to trip and fall on said balusters causing serious injury to the Plaintiff.

5. As a direct and proximate result of the negligence of Defendant, Plaintiff was caused to suffer severe personal injuries, pain and suffering, loss of earning capacity and to incur medical bills and other costs.

6. Jurisdiction is hereby conferred by the Massachusetts Long Arm Statute, G.L. 233, § 38; as the Defendant is engaged in or soliciting business in the Commonwealth.

Wherefore, Plaintiff prays that judgment be entered against Defendant in an amount that

willfully and adequately compensate for Plaintiff's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

Dated: November 22, 2004

Respectfully submitted,

I HEREBY ATTEST AND CERTIFY ON
DEC. 28, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

JOSEPH LOMBARDI,
By his Attorney,

_____
FRANCES A. KING
Attorney for Plaintiff
FRANCES A. KING
10 TREMONT STREET
BOSTON, MA 02108
BBO#: 546907
Telephone: 617 - 523-0161

| CIVIL ACTION COVER SHEET | DOCKET NO. 04-5129 G | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

**PLAINTIFF(S)** Joseph Lombardi

**DEFENDANT(S)** Lowes Home Centers Inc

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** (617) 523-0161
Frances A. King
10 Tremont St. Suite 3, Boston 02108
**Board of Bar Overseers number** 546907

**ATTORNEY (if known)**

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.: B20
TYPE OF ACTION (specify): negligence
TRACK: ( )
IS THIS A JURY CASE? (✓) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ............................................. $
 2. Total Doctor expenses ............................................. $
 3. Total chiropractic expenses ....................................... $
 4. Total physical therapy expenses .................................. $
 5. Total other expenses (describe) .................................. $
    Subtotal $
B. Documented lost wages and compensation to date ............... $
C. Documented property damages to date ........................... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ................................ $
F. Other documented items of damages (describe) .................. $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   torn rotator cuff three tears, surgery required
                                                                est.   TOTAL $ 35,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record ___Frances A. King___  DATE: 11-23-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

*Stamp:* MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE SUFFOLK SUPERIOR CIVIL CO. CLERK'S OFFICE 2004 NOV 23 P 3:24

---

I HEREBY ATTEST AND CERTIFY ON
DEC. 28, 2004
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### Contract
| Code | Description | Track |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

### TORT
| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence Personal injury/Property damage | (F) |
| B04 | Other negligence-personal injury /Property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice - Other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229,s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

### Real Property
| Code | Description | Track |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien & charges | (X) |
| C99 | Other (Specify) | (X) |

### EQUITABLE REMEDIES
| Code | Description | Track |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### Miscellaneous
| Code | Description | Track |
|---|---|---|
| E02 | Appeal from administrative Agency G.L.c.30A | (X) |
| E03 | Action against Commonwealth /Municipality, G.L.c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | G.L.c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L.c.149,s.29,29a | (A) |
| E11 | Workers's Compensation | (X) |
| E12 | G.L.c.123A,s.12(SDP Commitment) | (X) |
| E14 | G.L.c.123A,s.9(SDP Petition) | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act,G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture G.L.c.94C,s.47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence -Personal Injury | (F) | Yes |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
CIVIL ACTION NO: 04-5129G

JOSEPH LOMBARDI,
    Plaintiff

v.

LOWE'S HOME CENTERS, INC.,
    Defendant.

## DEFENDANT LOWE'S HOME CENTERS, INC.'S ANSWER AND JURY DEMAND

Defendant Lowe's Home Centers, Inc. ("Lowe's") responds to the plaintiff's Complaint paragraph by paragraph as follows:

### COUNT I NEGLIGENCE

1. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Lowe's admits that it is a North Carolina corporation with a principal office located at 1605 Curtis Bridge Road in Wilkesboro, North Carolina, and further admits that it does business in Massachusetts. Lowe's denies all remaining allegations contained in Paragraph 2.

3. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Denied.

5. Denied.

6. Denied.

WHEREFORE, Lowe's denies that the plaintiff is entitled to judgment or relief in any amount.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim against Lowe's upon which relief may be granted.

942227v1

## SECOND AFFIRMATIVE DEFENSE

Lowe's denies each and every allegation of the plaintiff's Complaint except as specifically admitted above.

## THIRD AFFIRMATIVE DEFENSE

Lowe's is not guilty of any negligence.

## FOURTH AFFIRMATIVE DEFENSE

If the plaintiff suffered damages as alleged, someone for whose conduct Lowe's was not and is not legally responsible caused such damages.

## FIFTH AFFIRMATIVE DEFENSE

The negligence of the plaintiff was greater than the alleged negligence of Lowe's and such negligence of the plaintiff contributed to his alleged injuries; therefore, the plaintiff is barred from recovery under M.G.L. Chapter 231 Section 85.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff is guilty of contributory negligence and the damages, if any, recovered by the plaintiff from Lowe's should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. Chapter 231 Section 85.

## SEVENTH AFFIRMATIVE DEFENSE

If the plaintiff suffered injuries as alleged, such injuries were a result of the plaintiff's breach of his duty to exercise due care to protect and ensure his own safety.

## EIGHTH AFFIRMATIVE DEFENSE

The damage plaintiff alleges was caused in whole or in part by the plaintiff's own negligence.

## NINTH AFFIRMATIVE DEFENSE

If the plaintiff was injured as alleged, such injuries were due to the acts or negligence of another, which constitutes an intervening, superceding cause and Lowe's, therefore, is not liable.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff has filed his Complaint in an improper venue, warranting dismissal or, in the alternative, transfer of the case to a more appropriate venue in accordance with M.G.L. Chapter 223.

## ELEVENTH AFFIRMATIVE DEFENSE

Lowe's reserves the right to add such other and further defenses as become apparent during the course of discovery.

## JURY CLAIM

Lowe's demands a trial by jury as to all issues.

.HEREBY ATTEST AND CERTIFY ON
DEC. 28, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

Dated: _December 16, 2004_

Defendant,
Lowe's Home Centers, Inc.,
By its Attorneys,

_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on December _16_, 2004:

Frances A. King, Esquire
10 Tremont Street, Suite 3
Boston, MA 02108

_____
Jacy L. Wilson, Esquire

942227v1

```
MAS-20040912                    Commonwealth of Massachusetts                    12/23/2004
guen                                SUFFOLK SUPERIOR COURT                        02:30 PM
                                         Case Summary
                                         Civil Docket
```

### SUCV2004-05129
### Lombardi v Lowe's Home Centers Inc

| | | | | | |
|---|---|---|---|---|---|
| File Date | 11/23/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 12/23/2004 | Session | G - Civil G | | |
| Origin | 1 | Case Type | B20 - Personal Injury-Slip&Fall | | |
| Lead Case | | Track | F | | |
| Service | 02/21/2005 | Answer | 04/22/2005 | Rule12/19/20 | 04/22/2005 |
| Rule 15 | 04/22/2005 | Discovery | 09/19/2005 | Rule 56 | 10/19/2005 |
| Final PTC | 11/18/2005 | Disposition | 01/17/2006 | Jury Trial | Yes |

**Plaintiff**
Joseph Lombardi
Active 11/23/2004

**Private Counsel 546907**
Frances A King
10 Tremont Street
Suite 3
Boston, MA 02108
Phone: 617-695-9000
Fax: 617-723-4729
Active 11/23/2004 Notify

**Defendant**
Lowe's Home Centers Inc
Answered: 12/20/2004
Answered 12/20/2004

**Private Counsel 160830**
Thomas C Federico
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590
Active 12/21/2004 Notify

**Private Counsel 658923**
Jacy L Wilson
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500
Fax: 617-439-7590
Active 12/21/2004 Notify

| Date | Paper | Text |
|---|---|---|
| 11/23/2004 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 11/23/2004 | | Origin 1, Type B20, Track F. |
| 11/23/2004 | 2.0 | Civil action cover sheet filed |
| 12/20/2004 | 3.0 | ANSWER: Lowe's Home Centers Inc(Defendant) (jury reqstd) |
| 12/23/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Lowe's Home Centers, Inc.,U. S. Dist.#(04-12678WGY). |
| 12/23/2004 | | Case REMOVED this date to US District Court of Massachusetts |

case01 243910 y y y y y

Page 1 of 2

**HEREBY ATTEST AND CERTIFY ON**
DEC. 28, 2004, **THAT THE**
**FOREGOING DOCUMENT IS A FULL,**
**TRUE AND CORRECT COPY OF THE**
**ORIGINAL ON FILE IN MY OFFICE,**
**AND IN MY LEGAL CUSTODY.**

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By _[signature]_

ASSISTANT CLERK.