UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12678-WGY

JOSEPH LOMBARDI

V.

LOWE'S HOME CENTERS, INC.

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MEDICAL RECORDS

Now comes the Plaintiff, Joseph Lombardi, and pursuant to Fed. Rules of Civil Procedure, 26 (b) (1); 26 (b) (2); 26 (c); and 34 (b) respectfully requests that this Honorable Court deny the Defendant's Application/Motion for Medical Records. and issue a Protective Order regarding the following Applications:

1. Dr. Thomas L. Force;
2. Dr. Carey D. Kimmelstiel;
3. Dr. Jang B. Singh

This is an action in negligence, whereby the Plaintiff slipped and fell on loose balusters on the premises of the Defendant on April 8, 2004. The Plaintiff suffered three tears of his rotator cuff in the right shoulder. The injuries in this matter are related to the medical practice of orthopedics. The above named physicians practice exclusively in the area of cardiology.

Medical records of cardiologists are not relevant to the subject matter of this action. Furthermore, the subject matter of cardiology would not appear to be reasonably calculated to lead to the discovery of admissible evidence and would appear calculated to embarrass the Plaintiff and cloud the real issue, that is, a torn right shoulder rotator cuff.

The Defendant is in possession of the following medical documentation:
1. All records from UMass Memorial Hospital, Worcester, MA; (records of the incident);

2. An MRI report from Winchester Imaging; (showing torn rotator cuff)
3. Dr. Seema Naravane; (Current Primary Physician)
4. Dr. Douglas Fellows:   (Consultant to Primary)
5. Dr. David A. Alessandro (Orthopedic Surgeon)
6. Dr. Mario Moretti (Former Primary Physician)

The Defendant has filed Application /Motion for Medical Records for the following records, without objection from the Plaintiff:

1. Dr. Donald R. Pettit (Orthopedic Surgeon regarding prior knee injury):
2. Dr. Ronald R. Caron (Orthopedic Surgeon regarding prior knee injury);
3. Dr. Kenneth Farbman (Former Primary Physician);
4. Dr. Michael R. Wollin (urologist);
5. Dr. Ronald J. Dorris (respiratory);
6. Caritas Carney Hospital (orthopedic injury);
7. Winchester Imaging Center (MRI of present shoulder injury);
8. Woburn Orthopaedic Associates, Inc.: (Dr. Ronald R. Pettit's clinic);
9. Newton-Wellesley Orthopedic Associates (prior wrist injury);
10. Fairlawn Rehabilitation Hospital

Dr. Michael R. Wollin (Urologist) and Dr. Ronald J. Dorris (Allergist and Respiratory, respectively) were inadvertently not objected to.

The discovery sought by the Defendant is both unreasonably cumulative and duplicative (as to the Orthopedic records) and irrelevant as to the Plaintiff's cardiology, urology and respiratory matters, not to mention an invasion of the Plaintiff's privacy.  The Defendant appears to be embarking on a "fishing expedition" regarding any and all medical concerns this 66 year old Plaintiff has ever had resulting in an attempt to embarrass, oppress or annoy the Plaintiff.

In view of the voluminous discovery the Defendant already has in its possession and will obtain pursuant to the Applications already filed without objection, and the irrelevant nature of cardiology as it applies to this litigation, the Plaintiff respectfully

requests that this Honorable Court deny the Applications/Motions for Medical Records of the three Cardiologists and/or issue a Protective Order regarding said records.

Pursuant to LR 7.1(A) (2) and 37.1 (B) Counsel attempted to conference with opposing Counsel. Opposing Counsel stated that she needed the records of the cardiologists because the Plaintiff stated at his deposition that "he did not have any heart problems". She also stated that she needed to ascertain what if any disability would be attributable to any potential heart problem.

The Plaintiff reaffirms his argument that the Plaintiff's answers to questions presented at his deposition regarding his medical history as related to cardiology is irrelevant and not reasonably calculated to lead to admissible evidence; and that any disability related to any potential "heart problem" is irrelevant to the disability associated with the Plaintiff's shoulder injury.

### AFFIDAVIT PURSUANT TO LR 7.1 (B) (2)

I, Frances A. King, Counsel for the Plaintiff, state that the Plaintiff is not claiming any heart related injuries due to any negligence on the part of the Defendant; and that the Plaintiff stated at his deposition that he had no history of cancer or heart disease and has never had a heart attack. He indicated that he is currently taking high blood pressure and cholesterol medication.

Respectfully submitted,
By his Attorney,

_____/s/_____
Frances A. King
10 Tremont Street, Suite 3
Boston, MA 02108
617 – 523-0161
BB0 # 546907

DATE: May 25, 2005

## CERTIFICATE OF SERVICE

I, Frances A. King, Counsel for the Plaintiff, hereby state that the above Plaintiff's Opposition to Defendant's Application/Motion For Medical Records of Three Cardiologists was served upon all Counsel of Record for the Defendant, by electronic filing, this 25th day of May, 2005.

__/s/_____
Frances A. King

## CERTIFICATION PURSUANT TO LR 7.1 (A) (2) AND LR 37.1 (B)

I, Frances A. King, Counsel for the Plaintiff, hereby states that I have conferred with Attorney Jacy Wilson one of the two Counsel of Record for the Defendant regarding the above Motion.

_____/s/_____
Frances A. King