UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12678-WGY

| | |
|---|---|
| JOSEPH LOMBARDI,<br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| LOWE'S HOME CENTERS, INC.,<br>    Defendant. | )<br>)<br>)<br>) |

**MOTION OF DEFENDANT LOWE'S HOME CENTERS, INC.
FOR LEAVE OF COURT TO FILE A REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR MEDICAL RECORDS**

Now comes the defendant, Lowe's Home Centers, Inc. ("Lowe's"), and hereby moves for leave of court to file the Reply attached hereto as Exhibit "1." As grounds therefore, Lowe's asserts the following:

1. The plaintiff in the above-captioned action, Joseph Lombardi, has filed a Complaint against Lowe's seeking monetary damages for injuries allegedly suffered as a result of slipping on loose balusters in the lumber department of Lowe's Home Improvement in Worcester, Massachusetts.

2. Specifically, the plaintiff claims he suffered and continues to suffer from three tears in his right rotator cuff, aggravation of pre-existing injury to his lower back and left knee, headaches, and depression.

3. The plaintiff further claims that, since the date of the alleged incident, he has been and continues to be unable to work as a result of his injuries.

4. The plaintiff, therefore, has put his physical and mental health at issue in this action.

952988v1

5. In response to Lowe's interrogatory regarding any illness, injury, disease, defect, or operation had or suffered by the plaintiff from five years prior to the date of the alleged incident to the present, the plaintiff only disclosed a knee injury. In addition, during his deposition, the plaintiff directly denied having heart disease or ever suffering a heart attack. However, the plaintiff's medical records suggest that he has been treating with a cardiologist since at least 1993. There is also evidence that he may have suffered two heart attacks.

6. With the exception of a handful of the plaintiff's medical providers, it is only through diligent review of the medical records already received that Lowe's became aware of the plaintiff's numerous medical providers, including Dr. Singh, Dr. Force, and Dr. Kimmelstiel.

7. The plaintiff's medical conditions, whether they be orthopedic in nature or otherwise, are relevant to the plaintiff's ability to work and, thus, to his claims for lost wages and loss of earning capacity.

8. Given the plaintiff's failure to completely and truthfully disclose his medical providers and, thus, his various medical conditions, Lowe's request for medical records from Dr. Singh, Dr. Force, and Dr. Kimmelstiel is merited and not a "fishing expedition" intended to embarrass, oppress, or annoy the plaintiff as alleged in his Opposition.

9. The plaintiff will not be prejudiced by allowance of this Motion.

WHEREFORE, for the foregoing reasons, Lowe's Home Centers, Inc. respectfully requests that the within Motion for Leave of Court to File a Reply to Plaintiff's Opposition to Defendant's Motion for Medical Records be allowed and the Reply attached hereto be deemed filed.

952988v1

Defendant,
Lowe's Home Centers, Inc.,
By its attorneys,

**MORRISON MAHONEY LLP**

*/s/ Jacy L. Wilson*
_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
250 Summer Street
Boston, MA  02210
(617) 439-7500

Dated:  May 31, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12678-WGY

|  |  |
|---|---|
| JOSEPH LOMBARDI,<br>　　　　Plaintiff<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY OF DEFENDANT LOWE'S HOME CENTERS, INC. TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MEDICAL RECORDS**

Now comes the defendant, Lowe's Home Centers, Inc. ("Lowe's"), and hereby replies to the plaintiff's Opposition to Defendant's Motion for Medical Records as follows:

1. The plaintiff in the above-captioned action, Joseph Lombardi, has filed a Complaint against Lowe's seeking monetary damages for injuries allegedly suffered as a result of slipping on loose balusters in the lumber department of Lowe's Home Improvement in Worcester, Massachusetts.

2. Specifically, the plaintiff claims he suffered and continues to suffer from three tears in his right rotator cuff, aggravation of pre-existing injury to his lower back and left knee, headaches, and depression. See Demand Letter, attached as Exhibit A; Deposition of Joseph Lombardi, pp. 103-04, attached as Exhibit B.

3. The plaintiff further claims that, since the date of the alleged incident, he has been and continues to be unable to work as a result of his injuries. See Demand Letter.

4. The plaintiff, therefore, has put his physical and mental health at issue in this action.

953075v1

5.  In response to Lowe's interrogatory regarding any illness, injury, disease, defect, or operation had or suffered by the plaintiff from five years prior to the date of the alleged incident to the present, the plaintiff only disclosed a knee injury.  <u>Answers of the Plaintiff, Joseph Lombardi, to Interrogatories Propounded by the Defendant, Lowe's Home Centers, Inc.</u>, No. 13, attached as Exhibit C.  In addition, during his deposition, the plaintiff directly denied having heart disease or ever suffering a heart attack.  <u>Deposition of Joseph Lombardi</u>, p. 77.  However, the plaintiff's medical records suggest that he has been treating with a cardiologist since at least 1993.  There is also evidence that he may have suffered two heart attacks.

6.  With the exception of a handful of the plaintiff's medical providers, it is only through diligent review of the medical records already received that Lowe's became aware of the plaintiff's numerous medical providers, including Dr. Singh, Dr. Force, and Dr. Kimmelstiel.

7.  The plaintiff's medical conditions, whether they be orthopedic in nature or otherwise, are relevant to the plaintiff's ability to work and, thus, to his claims for lost wages and loss of earning capacity.

8.  Given the plaintiff's failure to completely and truthfully disclose his medical providers and, thus, his various medical conditions, Lowe's request for medical records from Dr. Singh, Dr. Force, and Dr. Kimmelstiel is merited and not a "fishing expedition" intended to embarrass, oppress, or annoy the plaintiff as alleged in his Opposition.

WHEREFORE, for the foregoing reasons, Lowe's Home Centers, Inc. prays that the Court <u>ALLOW</u> each Application for Medical Records pertaining to Dr. Singh, Dr. Force, and Dr. Kimmelstiel.

>Defendant,
>Lowe's Home Centers, Inc.,
>By its attorneys,
>
>**MORRISON MAHONEY LLP**
>
>*/s/ Jacy L. Wilson*
>_____
>Thomas C. Federico, BBO #160830
>Jacy L. Wilson, BBO #658923
>250 Summer Street
>Boston, MA  02210
>(617) 439-7500

Dated:  May 31, 2005

**FRANCES A. KING**
**ATTORNEY AT LAW**
**10 TREMONT STREET, SUITE 3**
**BOSTON, MA 02108**

Tel:   617 – 523-0161                                                    Fax:   617 – 523-8046

July 15, 2004

Mr. Art Groves
SRS
Post Office Box 29618
Charlotte, N.C. 28229

RE:   My Client:             Joseph Lombardi
      Date of Accident:      April 8, 2004
      Your Claim No.#        64705

Dear Mr. Groves,

I hope that you are enjoying your summer.

I enclose medical records for Joseph Lombardi and a demand for settlement.

### FACTS:

Mr. Lombardi was lawfully on the premises of Lowes's Store (your insured) on April 8, 2004 when he attempted to retrieve an item on a shelf. He slipped on balusters which were negligently on the floor, fell backwards, and hit his head and right shoulder on a cart when he attempted to stop his fall. He was unconscious for seconds.

As a result of the fall, Mr. Lombardi suffered three tears to his right shoulder.

I enclose the following:

1. CAT scan from the UMass Memorial Hospital the day of the accident.
2. MRI report clearly showing the three tears to his right shoulder.
3. Twelve pages of reports from Dr. Seema Naravane and Dr. Douglas Fellows (orthopedic medicine).

As indicated from Dr. Naravane's records, Mr. Lombardi presented on 4/13/04 with right shoulder pain, headaches, a lump on his head, a head concussion, worsening of low back pain and left knee pain all related to the fall of April 8, 2004. He was prescribed percocet for pain.

On April 27, 2004, he presented with continued worsening of his lower back pain and right shoulder pain. Dr. Naravene questioned rotator cuff injury and scheduled an MRI which was positive for tears of Mr. Lombardi's right shoulder.

On May 20, 2004, Mr. Lombardi was referred to Dr. Douglas Fellows, orthopedic medicine for evaluation of his right shoulder. At that time, Mr. Lombardi was having difficulty lifting things and reaching overhead.

On May 27, 2004, he continued to have right shoulder pain. On June 3, 2004, an MRI confirmed three tears in his right shoulder. The MRI was consistent with severe chronic impingement, a full-thickness tear of the supraspinatus, a high-grade partial tear of the infraspinatus, and insertional tear of the subscapularis.

As of June 18, 2004 Mr. Lombardi was still quite symptomatic. He is scheduled to consult with an orthopedic surgeon on August 16, 2004.

DISABILITY:

Mr. Lombardi was a part-time carpenter and personal trainer. He can no longer do either skill due to his right shoulder injury and the aggravation of his pre-exiting back and knee injuries as a direct result of the fall of April 8, 2004.

This permanent disability is the direct result of the negligence of your insured by allowing a dangerous condition to exist on the premises.

DEMAND:

Mr. Lombardi is 65 years old and collects social security. He, no doubt, will no longer be able to do any carpentry work and certainly not any personal trainer work.

In view of the serious injury that Mr. Lombardi suffered, he demands $150,000.00 (one hundred and fifty thousand dollars) in full and final settlement of this matter.

I look forward to hearing from you after you have had an opportunity to review the medical reports that I have submitted.

Very truly yours,

Frances A. King

FAKjpl
Encl.



**ORIGINAL**

1

```
                                    Volume:      I
                                    Pages:    1-151
                                    Exhibits   1-4
```

UNITED STATES DISTRICT COURT
                              C.A. NO. 04-12678-WGY


JOSEPH LOMBARDI,
            Plaintiff,
              vs.
LOWE'S HOME CENTERS, INC.,
            Defendant.


    DEPOSITION OF JOSEPH LOMBARDI, taken pursuant to Notice under the applicable provisions of the Federal Rules of Civil Procedure, on behalf of the Defendant, before Maureen Spognardi, a Professional Court Reporter and Notary Public, in and for the Commonwealth of Massachusetts, at the Law Offices of Morrison Mahoney LLP, 250 Summer Street, Boston, Massachusetts 02210, commencing on Tuesday, April 12, 2005, at 10:09 a.m.

|    |    |                                                                                           |
|----|----|-------------------------------------------------------------------------------------------|
| 1  |    | ago, when I was working with Stevie Larsen on                                             |
| 2  |    | a second deck -- it was near the end of the                                               |
| 3  |    | winter. There was a big body of snow. Not                                                 |
| 4  |    | a second deck. It was an elevated deck. We                                                |
| 5  |    | fell into the snow, and I jammed my elbow, and                                            |
| 6  |    | I had some moderate shoulder discomfort for                                               |
| 7  |    | about six or seven weeks. I dealt with it.                                                |
| 8  |    | I took some pain medication. I went to the                                                |
| 9  |    | gym. I dealt with it. In about three or                                                   |
| 10 |    | four months, I was completely back to normal.                                             |
| 11 |    | I was back to the gym. I was back to work.                                                |
| 12 |    | I was back to doing everything I normally do.                                             |
| 13 | Q. | How long ago was that fall?                                                               |
| 14 | A. | I don't know. Over two years. I have no                                                   |
| 15 |    | specific dates. Two years. I don't know.                                                  |
| 16 | Q. | Have you had any major illness within the past                                            |
| 17 |    | ten years like cancer or heart disease?                                                   |
| 18 | A. | No. I didn't realize I had blood pressure                                                 |
| 19 |    | problems until about eight or nine or ten years                                           |
| 20 |    | ago.                                                                                      |
| 21 | Q. | Have you ever had a heart attack?                                                         |
| 22 | A. | No.                                                                                       |
| 23 | Q. | I'm sorry. You just said this, and I don't                                                |

103

| | | |
|---|---|---|
| 1 | A. | I have three major tears in my right shoulder. |
| 2 | | I had some moderate back problems which were |
| 3 | | exacerbated by the fall. |
| 4 | Q. | But that exists today? |
| 5 | A. | That exists today, but the major portion that |
| 6 | | I did not have were the three major tears in |
| 7 | | the right shoulder which cannot be cured, |
| 8 | | according to these doctors, except by a major |
| 9 | | operation and rehabilitation afterward. |
| 10 | Q. | So today, you primarily suffer from the three |
| 11 | | major tears in your right shoulder, -- |
| 12 | A. | Right. |
| 13 | Q. | -- and lower-back pain in connection with the |
| 14 | | accident? |
| 15 | A. | Well, I exacerbated it. I had some of it before. |
| 16 | | It wasn't completely caused by the accident, but |
| 17 | | I smashed, you know. It got worse for awhile. |
| 18 | | Now it's back to where it used to be which is |
| 19 | | once in awhile moderate. It's something I'm |
| 20 | | able to deal with. |
| 21 | Q. | All right. So the lower-back pain is at the |
| 22 | | point where it was before the incident? |
| 23 | A. | Right. But I can't deal with it because I can't |

| | | |
|---|---|---|
| 1 | | do things at the gym, so I need to be careful. |
| 2 | Q. | Any other pain or ailment that you're currently |
| 3 | | suffering from as a result of the incident? |
| 4 | A. | I get headaches once in awhile. I can't tell |
| 5 | | you if they're completely related. I know I had |
| 6 | | a concussion. I don't know if that's a residual |
| 7 | | effect. I don't know. I don't know if I can |
| 8 | | state that. |
| 9 | Q. | Anything else? |
| 10 | A. | I don't think so. Depression is setting in, |
| 11 | | badly. |
| 12 | Q. | I'm sorry? |
| 13 | A. | Some serious depression is setting in because |
| 14 | | of my 13 months of inactivity and no end in |
| 15 | | sight. Serious depression. We were kidding |
| 16 | | before, but I am going to go see a doctor for |
| 17 | | that. |
| 18 | Q. | Do you have an appointment set up already? |
| 19 | A. | No; but it's definitely on the menu. |
| 20 | Q. | Aside from surgery, is there any other medical |
| 21 | | treatment that you believe is still necessary |
| 22 | | to treat the injuries you received from this |
| 23 | | incident; and aside from a doctor for the |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12678-WGY

JOSEPH LOMBARDI,
    Plaintiff

V.

LOWE'S HOME CENTERS, INC.,
    Defendant

### ANSWERS OF THE PLAINTIFF, JOSEPH LOMBARDI, TO INTERROGATORIES PROPOUNDED BY THE DEFENDANT, LOWE'S HOME CENTERS, INC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Joseph Lombardi, hereby states its objections and answers to Defendant's Interrogatories.

### INTERROGATORY NO. 1

Please identify the individual or individuals responding to these interrogatories, giving each individual's full name, date of birth, age, residence, social security number, business address, and occupation.

### ANSWER NO. 1

Joseph P. Lombardi; 9/16/38; 66; 7 Maple Street, Burlington, MA 01803;

### INTERROGATORY NO. 2

Please identify by name and residential and business address all persons who, to your knowledge:

    a.    witnessed the incident referenced in the plaintiff's complaint; and/or

    b.    have knowledge with respect to either the incident referenced in the plaintiff's complaint or the allegations set forth in the plaintiff's complaint.

### ANSWER NO. 2

There were employees around me when I regained consciousness. I do not know their names.

  f.  the amount of financial loss suffered by you as a result of your incapacity to work.

## ANSWER NO. 11

I am no longer able to work as a carpenter; I was earning approximately $22,000 per year.

## INTERROGATORY NO. 12

As a result of the alleged incident, if you allege that you were wholly or partially incapacitated from your normal activities, please give particulars as to:

  a.  each such activity from which you were so incapacitated:

  b.  how you were incapacitated from such activities; and

  c.  the dates for which such incapacitation lasted.

## ANSWER NO. 12

I was doing part-time work as a personal trainer. I am no longer able to perform this work and I am severely limited by any physical activity.

## INTERROGATORY NO. 13

Please describe in complete detail any illnesses, injuries, diseases, defects or operations which you may have had or suffered from:

  a.  within five years prior to the date of your alleged incident; and

  b.  at any time after the date of your alleged incident not caused by or arising from the incident at issue, setting forth the dates upon which each of the above was had or suffered from.

## ANSWER NO. 13

I injured my left knee on 11/99; I have not had any injuries since my fall in April, 2004.

## INTERROGATORY NO. 14