UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO: 04-12678-WGY

JOSEPH LOMBARDI,
    Plaintiff

V.

LOWE'S HOME CENTERS, INC.,
    Defendant

## MOTION TO COMPEL ANSWERS TO INTERROGATORIES

This is an action for negligence, whereby the Plaintiff is alleging that loose balusters where negligently placed on the floor of the Defendant's premises, causing the Plaintiff to slip and fall and sustain serious injury. The substance of the following Interrogatories request information tending to establish prior knowledge of the Defendant, through prior complaints, prior injury or other notification of any hazardous condition on the entire premises of the Defendant.

The Plaintiff must identify the hazardous condition that caused him to slip, prove that it was present prior to his injury, and demonstrate that the Defendant either caused the hazardous condition, had actual knowledge of its existence, or had a reasonable opportunity to discover and remedy it. <u>Oliveri v. Massachusetts Bay Transp. Authy.</u>, 363 Mass. 165, 167 (1973); <u>Welch v. Angelo's Supermkt., Inc.</u> 27 Mass.App. Ct. 1106, (1989).

The Defendant is a North Carolina Corporation with 14 stores in Massachusetts. The Worcester location (the place of the Plaintiff's injury) has only been in operation since on or about March, 2003, approximately one year prior to the Plaintiff's accident. During conference with Defense Counsel, the Plaintiff has requested that the time frame be within five years preceding the Plaintiff's injury and include all 14 Massachusetts stores.

Pursuant to responses to Plaintiff's request for Production of Documents, Plaintiff has been provided with documents reflecting "corporate" policy which pertains to

all locations within the United States. Since the Worcester location had only been in operation for approximately one year prior to the Plaintiff's injury, the Plaintiff seeks complaints of hazardous conditions and/or injuries for the other Massachusetts locations to establish potential knowledge of a "corporate problem".

In furtherance of the above, the Plaintiff, Joseph Lombardi, Pursuant to Federal Rules of Civil Procedure 37, respectfully requests this Honorable Court to Order the Defendant to answer the following Interrogatories, pursuant to a five-year time frame preceding the Plaintiff's injury and to include all 14 Massachusetts stores.

INTERROGATORY NO.5

Please state whether any complaints or claims have been received by Defendant or its agents, servants, or employees alleging a defect upon, of or about the premises of the Defendant and, if so, please state:

a) From whom each such claim or complaint was received;
b) The date on which each claim or complaint was received;
c) The substance of the allegations of, and the circumstances surrounding each such claim or complaint; and
d) The disposition of each such claim or complaint.

ANSWER NO. 5

Defendant objects to this Interrogatory as it is vague, ambiguous, and overly broad. Defendant also objects on the grounds that it is not properly limited as to time and scope and seeks information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Defendant states that, aside from the present action, it has not received any such complaints or claims regarding the area where the incident alleged in Plaintiff's Complaint occurred.

ARGUMENT:

The answer is unresponsive in that it refers to "the area where the incident alleged in Plaintiff's Complaint occurred". The Interrogatory requests any complaints or claims "of or about the premises" of the Defendant. After conferencing with Defense Counsel, Plaintiff clarified the Interrogatory to request complaints and claims within the five years preceding the Plaintiff's injury and covering all 14 Massachusetts Stores.

INTERROGATORY NO.9

Please state whether any Defendant had reason to believe that there was any defective condition upon, of or about the said premises prior to the date of the occurrence alleged in the Complaint and, if so, please state:

e) Whether such information was obtained as a result of an inspection made by or on behalf of any Defendant herein, and if so, state the name and address or last known address, employer, title, position and telephone number of each person whom made such inspection, and the date of each such inspection;

f) Whether any Defendant was informed of the condition by someone other than an employee, agent or servant of any Defendant and, if so, state the name and address or last known address, employer, title, position and telephone number of each person who made such inspection, and the date of each such inspection;

g) Whether there is or was any record of the receipt of such information and, is so, the name or other means of identification of each such record and each such person or agency who was given or who had or has possession of each such record; and

h) If any record referred to in your answer to this Interrogatory no longer exists, had been lost, destroyed or is otherwise unavailable, describe fully the circumstances of such unavailability.

ANSWER NO. 9

Defendant objects to this Interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, and not properly limited as to time and scope.  Defendant also objects on the grounds that it seeks information that is irrelevant to the subject matter of this action and that is not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Defendant states that it had no reason to believe that the area where the alleged incident occurred was defective in any way.

ARGUMENT:

The answer is unresponsive , in that the Defendant continues to refer to "the area where the alleged incident occurred"  The Interrogatory seeks information directly to the issue of "notice" of the defective condition, which is the very essence of the matter at hand.

INTERROGATORY NO. 12

Please state whether any Defendant was notified orally, in writing or otherwise of any complaints of alleged defects or obstruction upon, of or about the premises at any time prior to, at the time of or subsequent to the time of the occurrence alleged in the Complaint and, if so, please state:

- a) Whether such information was obtained as a result of an inspection made by or on behalf of any Defendant and if so, the name, address or last known address, employer, title and position of each person who made each such inspection and the date of each such inspection;
- b) Whether Defendant was informed of the condition by someone other than an employee, agent or servant of any Defendant and if so, the name address or last known address, employer, title and position and telephone number of each person who informed Defendant and the date on which the information was received.

    c)    Whether there is or was any record of the receipt of such information and, if so, the name, address or last known address, employer, title and position of each such person and agency in possession of such records, and the title or other identification or description of the content of such records; and

    d)    The substance of any such information.

ANSWER NO. 12.

Defendant objects to this Interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, and not properly limited as to time and scope. Defendant also objects on the grounds that it seeks information that it seeks information that is irrelevant to the subject of this action and that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the ambiguous reference to "any Defendant", as Lowe's Home Centers, Inc. is the only defendant named in this action. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Defendant answers as follows:

Defendant has not received notification of any such complaints pertaining to the area where the alleged incident occurred, aside from notification received from Plaintiff's counsel in connection with this present action.

ARGUMENT:

The answer is unresponsive and states objections that are clearly erroneous. The Interrogatory seeks information directly related to the issue of "notice" of any defective condition, which is the very essence of the matter at hand. In addition, the response refers to the "area where the alleged incident occurred", the Interrogatory requests information concerning the "premises" of the Defendant, which would include the entire area of the Defendant's premises.

INTERROGATORY NO. 14

Please state whether there had been any other occurrences(s) whether or not resulting in personal injury involving the condition of the premises at any time prior to the occurrence alleged in the Complaint and, if so, for each such occurrence please state:

- a) The date, time and location upon the premises where it occurred;
- b) The name, address or last know address, employer, title and position of each person involved, including victim(s) and witnesses;
- c) A brief description of how it occurred.

ANSWER NO. 14

Defendant objects to this Interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, and not properly limited as to time and scope. Defendant also objects on the grounds that it seeks information that is irrelevant to the subject matter of this action and that is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving these objections, and subject to the General Objections specifically incorporated herein, Defendant states that it is unaware of any such occurrences involving the area where the incident alleged in Plaintiff's Complaint occurred.

ARGUMENT:

The answer is unresponsive and states objections that are clearly erroneous. The Interrogatory seeks information directly relating to the issue of "notice" of a defective condition. In addition, once again, the response refers to the "area where the alleged incident occurred", the Interrogatory requests information concerning the "premises" of the Defendant, which would include the entire area of the Defendant's premises.

The Plaintiff respectfully requests this Honorable Court to order the Defendant to respond to the above Interrogatories within a five year time frame and to include all 14 Massachusetts stores.

          Respectfully submitted,
          Plaintiff's Attorney,


    Frances A. King_____s_____

          10 Tremont Street, Suite 3
          Boston, MA 02108
          617- 523-0161
          BB0 # 546907

DATE: June 29, 2005

## CERTIFICATION

I, Frances A. King, Counsel for the Plaintiff, hereby certify that I have in good faith conferred with Defense Counsel in an effort to secure the information requested without the necessity of Court Action.


    Frances A. King_____s_____