UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12678-WGY

| | |
|---|---|
| JOSEPH LOMBARDI,<br>Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| LOWE'S HOME CENTERS, INC.,<br>Defendant. | )<br>)<br>)<br>) |

## DEFENDANT LOWE'S HOME CENTERS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Now comes the defendant, Lowe's Home Centers, Inc. ("Lowe's"), and hereby opposes the plaintiff's Motion to Compel Answers to Interrogatories on the grounds that the scope of information sought is overly broad, unduly burdensome, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

## FACTS

The plaintiff in the above-captioned action, Joseph Lombardi, claims he suffered injuries as a result of slipping on loose balusters in the lumber department of Lowe's Home Improvement in Worcester, Massachusetts on April 8, 2004. The plaintiff propounded a set of interrogatories upon Lowe's, and Lowe's served its answers thereto upon the plaintiff on March 2, 2005. In response to Lowe's answers to interrogatories No. 5, No. 9, No. 12, and No. 14, the plaintiff has filed a Motion to Compel Answers to Interrogatories. Specifically, the plaintiff is seeking information pertaining to all fourteen Lowe's Home Improvement stores in Massachusetts during the five-year period preceding the plaintiff's alleged incident. Lowe's opposes this Motion.

955137v1

ARGUMENT

The plaintiff takes issue with Lowe's answers to Interrogatories No. 5, No. 9, No. 12, and No. 14 because they pertain only to the area where the alleged incident occurred. In support of his Motion to Compel, the plaintiff argues that information pertaining to all fourteen Massachusetts stores over the five-year period preceding the plaintiff's alleged incident goes to the issue of notice, "which is the very essence of the matter at hand." While Lowe's agrees that notice of the defective condition alleged by the plaintiff is a discoverable issue, it opposes the notion that notice of *any* defective condition at the Worcester store or any other Lowe's stores in Massachusetts is relevant to this case.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), the plaintiff "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The defective condition alleged in this case is presence of loose balusters protruding into the aisle where customers are intended to walk. It is notice of this alleged defective condition that is at issue. The plaintiff, however, seeks information tending to establish Lowe's prior knowledge of "any hazardous condition on the entire premises of Defendant." The plaintiff's reasoning is that, because the Worcester store had only been operating for approximately one year prior to his alleged incident, complaints of hazardous conditions and/or injuries at the thirteen other Massachusetts stores is sought to establish Lowe's "potential knowledge of a 'corporate problem'." The plaintiff does not, and Lowe's submits he cannot, explain how a complaint or alleged injury at one of Lowe's other Massachusetts stores—whether received five years or five days prior to the plaintiff's alleged incident—or how a complaint or alleged injury at the Worcester store, having no similarity to his own, is relevant to whether or not Lowe's had prior notice of any balusters negligently placed in the aisle of its lumber department. As matters not

relevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence, are not discoverable, the plaintiff has no basis for his Motion to Compel. See Fed. R. Civ. P. 26(b)(1). Rather, the plaintiff's overly broad request is a fishing expedition and, if granted, will place an undue and unfair burden upon Lowe's.

## CONCLUSION

Complaints of any alleged defective conditions and/or injuries at the Worcester store or any other Lowe's stores in Massachusetts are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence establishing Lowe's prior knowledge of the defective condition alleged by the plaintiff. Consequently, Lowe's answers to the plaintiff's interrogatories properly refer to the area where the alleged incident occurred. As such, Lowe's respectfully requests that the Court deny the plaintiff's Motion to Compel Answers to Interrogatories.

Defendant,
Lowe's Home Centers, Inc.,
By its attorneys,

**MORRISON MAHONEY LLP**

*/s/ Jacy L. Wilson*
_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: July 12, 2005

3

955137v1