UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12678-WGY

| | |
|---|---|
| JOSEPH LOMBARDI,<br>Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| LOWE'S HOME CENTERS, INC.,<br>Defendant. | )<br>)<br>)<br>) |

**JOINT PRETRIAL MEMORANDUM PURSUANT TO LOCAL RULE 16.5(D)**

**I.   SUMMARY OF EVIDENCE**

**Plaintiff's Summary:**

This action involves an accident that occurred on April 8, 2004 at the Defendant, Lowe's Home Centers, Inc.'s premises located at Lincoln Street, Worcester, MA. At the time of the occurrence, Plaintiff, Joseph Lombardi was shopping in the lumber aisle for stair stringers, as he was on his way to a job to build stairs. He spotted the stringers on a top shelf of a large bay, and while attempting to reach said stringers, with outstretched arms and no need to raise his feet for additional height, he unknowingly stepped on loose balusters which had been left on the floor at the bottom of the large bay shelf. He immediately experienced a roller skate effect as he attempted to grab on to the shelf to break his fall, was unable to, and with an outstretched right arm catapulted backwards, jerking his right shoulder and fell to the floor, first hitting his head on a lumber cart and then hitting his head, shoulder, and back on the concrete floor.

Mr. Lombardi suffered loss of consciousness, neck pain, back pain and a torn rotator cuff of his right shoulder. He has sustained medicals in the amount of approximately $5,700.00 to date and faces rotator cuff surgery and rehabilitation which will cost approximately $20,000. He

966005v1

has 60% impairment of his right upper extremity due to his shoulder rotator cuff tear and impingement, which equates to a 36% whole person impairment.

Mr. Lombardi testified at his deposition that he noticed a group of employees talking among themselves and not concerned with the customers or the condition of the premises. He has no prior history of rotator cuff damage. He has suffered falls in the past with complaints of right shoulder pain which resolved themselves in a short period of time.

Mr. Lombardi's current symptoms include pain in his right shoulder that has not resolved, persistent weakness, nighttime pain and discomfort when he tries to reach away from his body or elevate his hand above 90 degrees at shoulder level.

As of September 7, 2005, Mr. Lombardi continues to have pain requiring Percocet every four hours with an additional dose at night. He continues to have pain reaching away from his body and above his shoulder level and is interested in proceeding with surgical correction.

Mr. Lombardi's neck and back pain have resolved.

At the time of the incident, Mr. Lombardi was semi-retired and worked as a part-time carpenter. He also was certified as a personal weight trainer and trained friends and family. He enjoyed working out at the gym, running, and general physical activity. He can no longer do any physical activity that includes reaching with his dominant right arm or heavy lifting. This would permanently exclude him from his carpenter work, as he predominately did heavy lifting of pressure treated wood while building decks and stairs. He also did dry wall work which also included heavy lifting and reaching.

Mr. Lombardi has produced his Federal Tax Returns for 2002 with a gross income of $23,621.00 and 2003 with a gross income of $26,125.00. He has not worked since the accident.

966005v1

**Defendant's Summary:**

Mr. Lombardi did not fall as a result of loose balusters protruding into the lumber aisle. Rather, he intentionally stepped either on the stack of balusters properly stored on the floor under the bay or on a nearby lumber cart in order to retrieve an item off of a shelf that was out of his reach. Several Lowe's employees responded to the lumber aisle to attend to Mr. Lombardi shortly after his fall. All of these employees recall Mr. Lombardi taking responsibility for the incident and all observed Mr. Lombardi display signs of intoxication. Lowe's provided Mr. Lombardi with a freeze pack for his head and offered to call an ambulance. Mr. Lombardi stated that he was fine, refused the ambulance and any further assistance, and left the store.

Mr. Lombardi claims that he tore his right rotator cuff and aggravated his pre-existing back and knee injuries as a result of the incident. However, Mr. Lombardi has a significant history of injury to his right shoulder dating back to 1997 and continuing up to the date of the accident. Similarly, his lower back and left knee pain were ongoing problems, not healed injuries aggravated by the incident as Mr. Lombardi alleges.

At the time of the incident, Mr. Lombardi was semi-retired and worked as a carpenter sporadically as jobs became available to him. There is no evidence to support Mr. Lombardi's lost wages claim. There is also no evidence that alleged injuries sustained by Mr. Lombardi as a result of the fall at Lowe's is the reason he has not worked since the incident.

II.     **ESTABLISHED FACTS**

On April 8, 2004, Mr. Lombardi fell in the lumber aisle of Lowe's Home Improvement in Worcester, Massachusetts.

III.    **CONTESTED ISSUES OF FACT**

A.      The condition of the aisle where the incident occurred on April 8, 2004.

966005v1

B.  Whether Lowe's, or its servants, agents, or employees, negligently maintained the aisle where the incident occurred on April 8, 2004.

C.  The manner in which the April 8, 2004 incident occurred.

D.  Whether Mr. Lombardi was intoxicated on April 8, 2004 when the incident occurred.

E.  Whether any negligent act or omission of Lowe's, or its servants, agents, or employees, proximately caused Mr. Lombardi's injuries and damages.

F.  Whether any negligent act or omission of Mr. Lombardi proximately caused, or contributed to the cause of, the incident and/or his injuries and damages.

G.  The nature and extent of Mr. Lombardi's injuries.

H.  The amount of Mr. Lombardi's medical bills, lost wages, and lost earning capacity as a result of the April 8, 2004 incident.

I.  Whether Lowe's violated its own polices and procedures.

IV.  **ISSUES OF LAW**

The parties do not expect any unusual legal issues to arise.

V.  **EXPECTED LENGTH OF TRIAL**

The parties expect the jury trial to last approximately 2 to 3 days.

VI.  **TRIAL WITNESSES**

**Plaintiff's Witnesses:**

In addition to the three witnesses identified by the Defendant:

1.  Joseph Lombardi, Plaintiff

Mr. Lombardi intends to present the testimony of the following expert witness by means of an audio-visual deposition:

4

2.  Dr. David A. Alessandro, 150 Presidential Way, Suite 110, Woburn, MA 01801, 781-782-1300.

Plaintiff, Joseph Lombardi may call the following witnesses:

1.  Margaret Danger, 30(b)(6) designee by Defendant;

2.  Steve Larson, 85 Fairfax Street, Worcester, MA.

**Defendant's Witnesses:**

A.  Lowe's intends to call the following fact witnesses:

   1.  Joe Nassar; 35 Cochituate Road, Framingham, MA, 01701; (508) 879-7589.

   2.  Dominik LeBeau; Wakefield, MA; (617) 869-9088.

   3.  Chad Gaylord; 85 Pasadena Parkway, Worcester, MA 01605; (508) 852-7624.

B.  Lowe's intends to present the testimony of the following expert witness by means of an audio-visual deposition:

   1.  Michael G. Kennedy, M.D.; 6 Union Street, Natick, MA 01760; (508) 655-5115.

C.  Lowe's may call the following fact witnesses:

   1.  Margaret Dagner; 5656 Grand Vista Drive, Indianapolis, IN 46234; (317) 557-2671

   2.  Tom O'Connell; 1166 Pleasant Street, Worcester, MA 01602; (508) 792-2768.

   3.  Tom Bohigian; 3 Dorianna Circle, Shrewsbury, MA 01545; (508) 799-0051.

5

  D. Lowe's reserves the right to call any witness identified by the plaintiff.

**VII.** **PROPOSED EXHIBITS – WITHOUT OBJECTION**

  1. Medical records of emergency admission at UMass Memorial Medical Center on the day of the accident, and corresponding bill for services;

  2. Medical records of primary physician, Dr. Seema R. Naravane as relating to the injury of April 8, 2004; and corresponding bill;

  3. MRI film and corresponding report from HealthSouth Diagnostic Center relating to Plaintiff's right shoulder; and corresponding bill;

  4. Report of Michael G. Kennedy, M.D. dated July 18, 2005;

  5. Lowe's Incident Report dated April 8, 2004.

  6. Certain policies and procedures of Lowe's. The defendant reserves the right to object after disclosure from the plaintiff as to the specific policies and procedures.

  7. Photographs of the area where the accident occurred.

**VIII.** **PROPOSED EXHIBITS – WITH OBJECTION**

  A. Two reports of Dr. David A. Alessandro, dated October 7, 2004 and September 7, 2005;

  B. Enlarged picture of surgical procedures as described in the reports of Dr. David A. Alessandro;

  C. Copy of Plaintiff's Federal Income Taxes for 2002 and 2003;

  D. Copy of Expectation of Life and Expected Deaths, by Race, Sex and Age: 2000;

  E. Enlarged portions of deposition testimony of Margaret Dagner;

  F. Enlarged portions of deposition testimony of Joe Nasser, employee of the Defendant; and

966005v1

G. Enlarged portions of Defendant's answers to Plaintiff's Interrogatories.

H. Medical records from Kenneth Farbman, M.D.;

I. Medical records from Ronald J. Dorris, M.D.;

J. Medical records from Newton-Wellesley Orthopedic Associates;

K. Medical records from Winchester Imaging Center;

L. Medical records from Roland R. Caron, M.D.;

M. Medical records from Fairlawn Rehabilitation Hospital;

N. Medical records from UMass Memorial Medical Center;

O. Medical records from Mario Moretti, M.D.;

P. Medical records from HealthSouth Diagnostic Center;

Q. Medical records from Fallon Clinic;

R. Medical records from Seema R. Naravane, M.D.;

S. Medical records from Carey Kimmelstiel, M.D.;

T. Medical records from Thomas Force, M.D.;

U. Medical records from Donald Pettit, M.D.;

V. Medical records from Excel Orthopedic Specialists; and

W. Medical records from Woburn Orthopaedic Associates.

IX. OBJECTIONS TO EVIDENCE IDENTIFIED IN PRETRIAL DISCLOSURES

**Plaintiff's Objections to Evidence Identified in Pre-Trial Disclosures**

The Plaintiff objects to the admission of the following disclosures:

1. Medical records from the Plaintiff's medical providers which are unrelated to the Plaintiff's right shoulder injury, rotator cuff tear;

    a. Kenneth Farbman, M.D.;

    b. Ronald J. Doris, M.D.;

      c.      Newton-Wellesley Orthopedic Associates;

      d.      Winchester Imaging Center;

      e.      Roland R. Caron, M.D.;

      f.      Fairlawn Rehabilitation Hospital;

      g.      UMass Memorial Medical Center (except the emergency records, notes, diagnostic tests relating to the injury of April 8, 2004);

      h.      Mario Moretti, M.D.;

      i.      Fallon Clinic;

      j.      Carey Kimmelstiel, M.D.;

      k.      Thomas Force, M.D.;

      l.      Donald Pettit, M.D.; and

      m.      Woburn Orthopaedic Associates.

**Defendant's Objections to Evidence Identified in Pretrial Disclosures**

Lowe's objects to the following witnesses:

1). Dr. David A. Alessandro. Mr. Lombardi has failed to disclose this expert timely and in accordance with Federal Rule of Civil Procedure 26(a)(2)(B).

2). Steve Larson. Mr. Lombardi never disclosed this witness in his Answers to Lowe's First Set of Interrogatories, or in any supplement thereto. Rather, Mr. Lombardi first disclosed this witness in his October 13, 2005 Pretrial Disclosures, three months after expiration of the discovery deadline set by this Court.

Lowe's objects to the following proposed exhibits:

1). Two reports of Dr. David A. Alessandro, dated October 7, 2004 and September 7, 2005. The plaintiff failed to disclose such reports in accordance with Rule 26.

2). Enlarged picture of surgical procedures as described in the reports of Dr. David A. Alessandro. The plaintiff has never produced this document.

3). Copy of Plaintiff's Federal Income Taxes for 2002 and 2003. The plaintiff has failed to produce all requested tax information.

4). Copy of Expectation of Life and Expected Deaths, by Race, Sex and Age: 2000. The plaintiff has failed to produce this document.

5). Enlarged portions of deposition testimony of Margaret Dagner. Foundation.

6). Enlarged portions of deposition testimony of Joe Nasser, Foundation.

7). Enlarged portions of Defendant's answers to Plaintiff's Interrogatories. Foundation

| Defendant, | Plaintiff, |
|---|---|
| Lowe's Home Centers, Inc., | Joseph Lombardi, |
| By its attorneys, | By his attorney, |
| /s/ *Thomas C. Federico* | /s/ *Frances A. King* |
| Thomas C. Federico, BBO # 160830 | Frances A. King, BBO # 546907 |
| Jacy L. Wilson, BBO # 658923 | FRANCES A. KING |
| MORRISON MAHONEY LLP | 10 Tremont Street, Suite 3 |
| 250 Summer Street | Boston, MA 02108 |
| Boston, MA 02210 | (617) 523-0161 |
| (617) 439-7500 | |

966005v1