UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO: 04-12678-WGY**

JOSEPH LOMBARDI

V.

LOWE'S HOME CENTERS, INC.

### PLAINTIFF'S MOTION IN LIMINE TO EXLUDE PRIOR INJURIES UNRELATED TO THE PLAINTIFF'S RIGHT SHOULDER

I.   INTRODUCTION

Now comes the Plaintiff, Joseph Lombardi, by his counsel, and respectfully moves this Honorable Court for an Order, precluding the Defendant and its counsel from presenting or introducing into evidence any evidence of prior injuries unrelated to the instant matter during the course of trial in the above-referenced matter.  As more fully set forth below, the Motion should be granted for the following reasons:

II.   FACTS AND BRIEF

The action involves an accident that occurred on April 8, 2004 at the Defendant, Lowe's Home Centers, Inc. premises located at Lincoln Street, Worcester, MA.  At the time of the occurrence, Plaintiff, Joseph Lombardi was shopping in the "lumber aisle" for stair stringers, as he was going to a job to build stairs.  He spotted the stringers on a top shelf of a large bay shelf, and while attempting to reach said stringers, unknowingly stepped on loose balusters which had been left on the floor at the bottom of the large bay shelf.  He immediately experienced a roller skate effect as he attempted to grab on to the shelf to break his fall, was unable to, and with an outstretched right arm catapulted to the floor, first hitting his head on a lumber cart and then hitting his head, shoulder, and back on the concrete floor.

Mr. Lombardi suffered injuries to his right shoulder rotator cuff, specifically 2-3 tears.

The Plaintiff's past medical is significant for left knee surgery (1999); right bicep surgery (1999) and chronic low back pain (since 1995); hypertension, hypercholesterolemia and chronic depression. Other than minor accidents, which have resolved and do not include any evidence of a right shoulder rotator cuff tear, Mr. Lombardi has not suffered any further accidents relevant or pertinent to the instant action.

It is anticipated at trial that Defendant may attempt to introduce information as to Mr. Lombardi's prior injuries and medical conditions. This is nothing more than an attempt to cloud the real issue as to the cause of the Plaintiff's current injury to his right shoulder and subsequent disability as it pertains to the shoulder.

ARGUMENT:

The past medical records of the Plaintiff, as they do not relate to any prior shoulder injury should be excluded because the records are not relevant to the injury for which the Plaintiff seeks recovery.

"Relevancy" refers to the tendency of evidence to prove or disprove a material issue. Liacos, Brodin & Avery, Massachusetts Evidence § 4.1.1 (7th ed. 1999). Evidence4 is "relevant" if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Id. The concept of relevance has two components: (1) the evidence must have some tendency to prove a particular fact; and (2) That particular fact must be material to an issue in the case. Id.

The Judge has discretion to decide whether evidence is relevant and, if relevant, whether the evidence is to be excluded because its probative qualities are outweighed by its prejudicial effect. See Green v. Richmond 369 Mass. 47, 59-60 (1975); Commonwealth v. Hogan, 12 Mass.App.Ct. 646, 654 (1981); Kobico, Inc. v. Pipe 44 Mass.App.Ct. 103, 109 (1997).

Any past medical records which do not address any reference to the Plaintiff's right shoulder would have no relevance toward proving that the Plaintiff's injury was not caused by the negligence of the Defendant. In addition, any medical record or medical condition not related to the right shoulder would not be material to any issue in the case, such as causation or disability.

CONCLUSION:

WHEREFORE, it is respectfully requested that the Court preclude any reference to any prior injuries or medical conditions that are unrelated to the right shoulder rotator cuff tear injury and disability sustained by the Plaintiff.

Respectfully submitted, the Plaintiff
By his attorney,

_____s_____
Frances A. King
BB0 # 546907
10 Tremont Street, Suite 3
Boston, MA 02108
617 – 523-0161

## CERTIFICATE OF SERVICE

I, Frances A. King, counsel for the Plaintiff, hereby certify that I have served a copy of the within Motion on counsel for the Defendant, IN HAND, this 28th day of October, 2005 at John Joseph Moakley U.S. Courthouse, 1 courthouse Way, Boston, MA 02210.

_____s_____
Frances A. King