UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO: 04-12678-WGY**

JOSEPH LOMBARDI

V.

LOWE'S HOME CENTERS, INC

### MOTION IN LIMINE TO EXCLUDE THE FOLLOWING TESTIMONY ELICITED BY THE DEFENDANT AT THE VIDEO DEPOSITION OF THE PLAINTIFF'S EXPERT, DR. DAVID A. ALESSANDRO

Now comes the Plaintiff, Joseph Lombardi, and respectfully requests that this Honorable Court exclude from evidence the following testimony, elicited by the Defendant and timely objected to by the Plaintiff, pursuant to the allowance of Plaintiff's Motion In Limine To Exclude Any Mention By The Defendant Of Any Possible "Addiction" To Narcotics By The Plaintiff ; the allowance, in part, of Plaintiff's Motion In Limine To Exclude Injuries Unrelated To The Plaintiff's Right Shoulder and general hearsay grounds, as some of the reports are not medical records, pursuant to M.G.L. 233, §79G indicating medical diagnosis and/or treatment.

As grounds therefore, Plaintiff states that the following records, used for cross-examination by the Defendant, attempts to draw an inference of "Addiction" of the Plaintiff to a pain medication, Percocet , with no bearing on the issue of prior disability.

1. Dr. Moretti's notations of:  7/92:  no mention of right shoulder;
2. Dr. Moretti's notations of:  9/92:  no mention of right shoulder;
3. Dr. Moretti's notations of:  11/02: no mention of right shoulder;
4. Dr. Moretti's notations of:  10/93: no mention of right shoulder;
5. Dr. Moretti's notations of:  7/95:  no mention of right shoulder;
6. Dr. Moretti's notations of:  10/95: no mention of right shoulder;
7. Dr. Moretti's notations of:  11/95: no mention of right shoulder;
8. Dr. Moretti's notations of:  12/95: no mention of right shoulder;
9. Dr. Moretti's notations of:  3/96:  no mention of right shoulder;

10. A Questionnaire allegedly filled out by the Plaintiff, Joseph Lombardi, dated October, 1996;

11. Dr. Pettit's notations, dated 6/98: does not mention right shoulder, also indicates a workman's compensation claim. Counsel have an agreement that any mention of prior claims will be excluded;

12. Newton-Wellesley report indicating right biceps surgery;

13. Dr. Moretti's notations of: 5/11/99: no mention of right shoulder;

14. Dr. Moretti's notations of: 9/27/99: no mention of right shoulder;

15. Dr. Moretti's notations of: 10/99: no mention of right shoulder;

16. Dr. Pettit's notations, dated 11/10/99: no mention of right shoulder;

17. Dr. Pettit's notations, dated 11/15/99: no mention of right shoulder;

18. Dr. Pettit's notations, dated 12/13/99: no mention of right shoulder;

19. Dr. Pettit's notations, dated 12/13/02: no mention of right shoulder;

20. Dr. Farbman's notations, dated 7/02: no mention of right shoulder;

21. Dr. Farbman's notations, dated 8/12/02: no mention of right shoulder and highly prejudicial as it indicates that the Plaintiff took a drug that caused a seizure;

All of the above medical notes do not mention the Plaintiff's right shoulder; Most mention Plaintiff's prior back and knee problems, with the one report from Newton-Wellesley Hospital, which indicates the Plaintiff's right biceps surgery in 1999.

The Defendant's sole purpose in attempting to admit these records into evidence is to show a pattern of "percocet use" and clearly attempting to infer the Plaintiff has an "addiction".

On October 28, 2005, this Honorable Court allowed the Plaintiff's Motion In Limine to exclude any mention of "addiction".

The Plaintiff's only claim is a right shoulder rotator cuff tear. The Plaintiff would argue that the above records do nothing other than infer addiction to percocet, which was prohibited by the Court and have no bearing on the issue of prior disability.

<u>On the grounds of hearsay, the Plaintiff objects to any reference to a patient intake or questionnaire form, a form indicating an IME or reference to an Industrial</u>

<u>Accident Claim, or any form which does not indicate a treating physician's treatment or diagnosis; specifically the following documents:</u>

1. Patient intake form of Dr. Tanenbaum, dated 10/21/96, allegedly filled out by the Plaintiff;

2. A patient questionnaire from the office of Dr. Ronald C. Caron, allegedly filled out by the Plaintiff on 9/2/97;

3. A patient questionnaire from the office of Dr. Mario Moretti, dated 9/28/00, allegedly filled out by the Plaintiff;

4. A patient Accident and Work Related Intake Sheet from the office of Dr. Mario Moretti, allegedly filled out by the Plaintiff, dated 3/13/03;

5. A Teleguard Duplicate Copy Physician Messages, indicating information regarding medication, specifically alleging that the Plaintiff said… "that's kids medicine. He didn't get what he asked for. He's very upset and contacting an Attorney."

6. A note written by one physician to another, with a reply note written in the lower right hand corner, purportedly indicating that the Plaintiff was referred by a friend, in addition to several other hearsay and irrelevant statements (Fallon Clinic note, undated);

7. A consent for the treatment of non-cancer pain with opioid (Narcotic Pain Killers) form dated 4/27/04. (Plaintiff asserts that this form would be excluded within the allowance of his Motion In Limine to exclude any mention of addiction, in addition to the fact that it is hearsay and not excepted pursuant to treatment or diagnosis of a physician);

8. An Incident Report dated 2/9/03 indicating the Plaintiff had lost his medication at the Gym; along with an accompanying letter from the Plaintiff explaining the incident.

9.  A new case form from the office of Dr. Donald Pettit, indicating a legal nature, dated 6/30/98;

10. An IME report from Dr. Raymond A. Igou, Jr. indicating an Industrial Accident.

The Defendant is in possession of two reports which clearly indicate prior disability for chronic back problems and knee problems.

1.  A three-page narrative from Dr. Donald R. Pettit, dated May 1, 2000. The report states that the Plaintiff is disabled and unable to work at that time due to a left knee problem.
2.  A letter from Dr. Mario Moretti indicating that the Plaintiff is totally incapacitated for gainful employment due to a chronic low back problem.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court exclude the above records 1-21 and 1-10 from being admitted into evidence and to order said deposition testimony concerning same, stricken from the record.

> Respectfully submitted,
> Plaintiff, Joseph Lombardi,
> By his attorney,
>
> _____s_____
> Frances A. King
> BB0 # 546907
> 10 Tremont Street, Suite 3
> Boston, MA 02108
> 617 – 523-0161

DATE: November 15, 2005

### CERTIFICATE OF SERVICE

I, Frances A. King, hereby certify that I have served the above Motion In Limine To Exclude The Following Testimony Elicited By The Defendant At The Video Deposition Of The Plaintiff's Expert, Dr. David A. Alessandro, by electronic filing, this 15th day of November, 2005.

_____s_____
Frances A. King

Case 1:04-cv-12678-WGY     Document 57     Filed 11/15/2005     Page 5 of 5