UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12678-WGY

JOSEPH LOMBARDI,
    Plaintiff

v.

LOWE'S HOME CENTERS, INC.,
    Defendant.

**OPPOSITION OF THE DEFENDANT, LOWE'S HOME CENTERS, INC., TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF DR. KENNEDY**

The defendant, Lowe's Home Centers, Inc. ("Lowe's") opposes the plaintiff's motion in limine to exclude testimony of Dr. Michael Kennedy in which Dr. Kennedy refers to medical records not specifically listed in his expert report on the following grounds: (1) the medical records that Dr. Kennedy reviewed and referred to at his audio-visual deposition were the plaintiff's own medical records that had been produced pursuant to keeper of record subpoenas and court orders; (2) all of the medical records discussed by Dr. Kennedy in his audio-visual deposition had been provided to plaintiff's counsel prior to the deposition of Dr. Kennedy; (3) counsel for Lowe's set out all of the above-noted medical records in its disclosure pursuant to Fed. R. Civ. P. 26(a)(3) and listed these records as proposed exhibits in the Joint Pre-Trial Memorandum; and (4) the only objection that plaintiff's counsel's raised to these records is to the extent that the records are unrelated to the injury to the plaintiff's right shoulder (see Joint Pre-Trial Memorandum).

In further support, Lowe's states that the plaintiff's medical records produced pursuant to keeper of record subpoenas and court orders are as follows: The Excel Orthopedic Specialists;

974308v1

UMass Memorial Medical Center; Healthsouth Diagnostic Center; Fallon Clinic; Mario Moretti, M.D.; Seema R. Naravane, M.D.; Dr. Donald R. Pettit; Dr. Ronald R. Caron; Dr. Kenneth Farbman; Dr. Michael R. Wollin; Dr. Ronald J. Dorris; Caritas Carney Hospital; Winchester Imaging Center; Woburn Orthopaedic Associates, Inc.; Newton-Wellesley Orthopedic Associates; Fairlawn Rehabilitation Hospital; Dr. Thomas L. Force; Dr. Carey D. Kimmelstiel; and Dr. Jang B. Singh.  Dr. Kennedy stated in his report that he had reviewed the medical records "sent [to him by counsel] concerning [the plaintiff]" and that he rendered his opinions based on the plaintiff's "history, the physical findings and the review of the medical records." Plaintiff's counsel was fully aware of these medical records.  First, these records were the plaintiff's own medical records.  Second, all these records have been produced to plaintiff's counsel.  Moreover, counsel for Lowe's set out all of the above-noted medical records in its disclosure pursuant to Fed. R. Civ. P. 26(a)(3) and listed these records as proposed exhibits in the Joint Pre-Trial Memorandum.  Plaintiff's counsel's only objection to these records is to the extent that the records are unrelated to the injury to the plaintiff's right shoulder (see Joint Pre-Trial Memorandum).  To require Dr. Kennedy to list individually all of the medical records of the plaintiff that were known and available to plaintiff's counsel is to exalt form over substance.

974308v1

WHEREFORE, the defendant, Lowe's Home Centers, Inc. requests that this Court deny the plaintiff's motion in limine.

Defendant,
Lowe's Home Centers, Inc.,
By its attorneys,

**MORRISON MAHONEY LLP**

*/s/ Thomas C. Federico*

Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
250 Summer Street
Boston, MA  02210
(617) 439-7500

## Affidavit of Counsel

I, Thomas C. Federico, counsel for the defendant Lowe's, state that the foregoing statements are made to the best of my knowledge and belief based upon my personal knowledge and a review of the relevant file materials.

*/s/ Thomas C. Federico*

Thomas C. Federico, BBO #160830

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

*/s/ Thomas C. Federico*

Thomas C. Federico, BBO #16083

Dated:  17 November 2005

974308v1