UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12678-WGY

| | |
|---|---|
| JOSEPH LOMBARDI,<br>Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| LOWE'S HOME CENTERS, INC.,<br>Defendant. | )<br>)<br>) |

**OPPOSITION OF THE DEFENDANT LOWE'S HOME CENTERS, INC. TO THE PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ELICITED AT THE VIDEO DEPOSITION OF DR. ALLESANDRO**

The defendant, Lowe's Home Centers, Inc. ("Lowe's") opposes the plaintiff's motion in limine to exclude certain testimony of Dr. Allesandro by Lowe's. The plaintiff seeks to exclude certain testimony of Dr. Allesandro during cross-examination in which Dr. Allesandro reviewed medical records and patient intake forms or questionnaires. Lowe's opposes the plaintiff's motion on the grounds that the records are relevant to the plaintiff's claims. In further support, Lowe's states as follows: The plaintiff alleges that he injured his right shoulder as a result of a fall at Lowe's on 8 April 2004 and that he requires Percocet every 4 hours to deal with his pain (see Joint Pre-Trial Memorandum). Moreover, Dr. Allesandro, the plaintiff's expert witness testified in his audio-visual deposition as follows:

> Q. [P]art of your opinion that he sustained a rotator cuff tear was that he was having pain in the right shoulder and required Percocet?
>
> A. The pain in the right shoulder is a symptom of rotator cuff, yes, a symptom, yes.

(Audio-visual deposition of Dr. Allesandro at p. 85.)

974678v1

The medical records evidence that the plaintiff has a history of sustained chronic right shoulder pain that predated the accident that is the subject of this case. Indeed, Dr. Allesandro after reviewing the plaintiff's complete medical history for the first time on cross-examination agreed that the records revealed that fact. (Audio-visual deposition of Dr. Allesandro at p. 67 and 69.) The medical records also reveal that the plaintiff has a long history of Percocet use for various complaints, including right shoulder pain. The plaintiff's Percocet use began in 1992 and continued on a regular basis up to the date of the plaintiff's accident. The plaintiff's significant Percocet use during a sixteen month period immediately prior to the accident is as follows:

> 12/6/02 – plaintiff receives 180 Percocet pills from Dr. Farbman as a result of pain in right shoulder; hands, and left knee;
>
> 12/13/02 – plaintiff receives 30 Percocet pills from Dr. Pettit for pain to back and left knee;
>
> 12/16/02 – plaintiff receives 30 Percocet pills from Dr. Moretti for lower back and left knee pain
>
> 1/3/03 – plaintiff receives 180 Percocet pills from Dr. Farbman for pain in right wrist and left knee
>
> 1/6/03 – plaintiff receives 20 Percocet pills from Dr. Pettit for residual pain after falling off a ladder at work in November 1999;
>
> 1/23/03 – plaintiff receives 30 Percocet pills from Dr. Moretti for right knee and lower back pain;
>
> 2/4/03 – plaintiff receives 180 Percocet pills from Dr. Farbman;
>
> 3/6/03 - plaintiff receives 180 Percocet pills from Dr. Farbman;
>
> 3/13/03 – plaintiff receives 30 Percocet pills from Dr. Moretti for right shoulder pain and right elbow pain;
>
> 4/4/03 – plaintiff receives Percocet pills from Dr. Farbman for right shoulder pain, right elbow pain, and left hand pain;
>
> 5/2/03 – plaintiff receives Percocet pills from Dr. Farbman for continuing right shoulder pain and left knee pain;

974678v1

    5/30/03-plaintiff receives Percocet pills from Dr. Farbman for pain in right shoulder;

    6/6/03 – plaintiff receives 40 Percocet pills from Dr. Moretti for right shoulder and left knee pain;

    6/26/03 – plaintiff receives 180 Percocet pills from Dr. Farbman for right shoulder pain;

    7/25/03 – plaintiff receives 180 Percocet pills from Dr. Farbman for pain in left knee;

    8/25/03 – plaintiff receives 180 Percocet pills from Dr. Farbman for pain in feet;

    10/22/03 – plaintiff receives 180 Percocet pills from Dr. Farbman for pain in right shoulder, feet, and right wrist;

    10/30/03 – plaintiff receives 40 Percocet pills from Dr. Moretti for right shoulder and left knee pain;

    1/7/04 - plaintiff receives 40 Percocet pills from Dr. Moretti for left knee pain;

    1/21/04 - plaintiff receives 40 Percocet pills from Dr. Moretti for left knee pain;

    1/30/04 – plaintiff receives 40 Percocet pills for left knee pain after claiming that his pills were stolen at the gym;

    3/01/04 – plaintiff receives 40 Percocet pills from Dr. Moretti for left knee pain and

    3/29/04 – plaintiff receives 40 Percocet pills from Dr. Moretti for left knee and right shoulder pain.

Lowe's is entitled to introduce this evidence as it is relevant to establish that the plaintiff's Percocet use after the accident is not the result of any injuries that he received in this case but the result of a sustained and chronic use of the drug prior to the accident for a diverse number of physical ailments, including right shoulder pain. Indeed, the plaintiff's chronic use of Percocet was of such a concern to Dr. Naravane that she had the plaintiff sign a narcotic contract on 4/27/04. The plaintiff agreed in this contract that he would only seek to obtain Percocet from

974678v1

Dr. Naravane. Despite signing this contract, the plaintiff went on to seek and obtain Percocet from several doctors other than Dr. Naravane. The relevance of this evidence is obvious – the plaintiff was taking Percocet not because of any injuries received in the accident that is the subject of this case but because he was a chronic user of this drug to help him deal with chronic pain from a variety of ailments. The Court had issued a previous ruling stating that the defendant could not use the term "addiction" when describing the plaintiff's Percocet use. The Court did not preclude the defendant from detailing the plaintiff's use.

The plaintiff also seeks to preclude medical records which indicate that the plaintiff had sustained prior injuries and that these injuries precluded the plaintiff from working. In this case, the plaintiff alleges that the injuries he sustained in this case preclude him from working. The plaintiff claims as follows:

> At the time of the incident, Mr. Lombardi was semi-retired and worked as a part-time carpenter. He also was certified as a personal weight trainer and trained friends and family. He enjoyed working out at the gym, running, and general physical activity. He can no longer do any physical activity that includes reaching with his dominant right arm or heavy lifting. This would permanently exclude him from his carpenter work, as he predominately did heavy lifting of pressure treated wood while building decks and stairs. He also did dry wall work which also included heavy lifting and reaching.

(Joint Pre-Trial Memorandum – Statement of Plaintiff.)

The medical records that the plaintiff seeks to preclude reveal a limited work history in which the plaintiff was declared totally disabled or partially disabled from working because of a number of injuries. The records reveal the following:

> 12/15/1994 – Dr. Pettit declared the plaintiff disabled for construction trades;
>
> 7/25/1995 - Dr. Moretti declared the plaintiff "totally incapacitated for gainful employment" due to "chronic low back pain";

974678v1

10/21/96 – Dr. Tanenbaum noted that the plaintiff last worked 3 years ago;

5/12/97 – Dr. Moretti was unable to determine when the plaintiff would be able to return to work;

1/15/98 – Dr. Caron, an orthopedic surgeon, declared that the plaintiff was disabled and unemployable;

5/4/99 – out of work but could return to work with no lifting or pulling with right upper extremity;

3/1/00 – Dr. Zolot stated that the plaintiff was out of work and unable to return to work;

5/1/00 – Dr. Petit stated that the plaintiff was disabled for any type of heavy work in which he carries weights, walks on even ground, and is working at heights; thus his former occupation would be beyond him

11/15/00 – Dr. Igou states that the plaintiff is disabled due to 11/99 injury and is totally disabled "at this time";

11/00 – plaintiff receives social security disability benefits based on a permanent disability; and

12/13/02 – Dr. Pettit notes that the plaintiff is now retired.

The above-noted evidence is clearly relevant to the issue of the plaintiff's ability to work both before and after the accident in this case. The plaintiff is claiming that he was not limited in his activities prior to the accident and that the accident caused the plaintiff's limitations. The defendant is entitled to introduce the afore-noted records to rebut the plaintiff's contentions.

The plaintiff also seeks to exclude as evidence ten documents contained within the plaintiff's medical records as well as all testimony about those records on the grounds that those documents are hearsay. It is clear that these documents are admissible under Rules 801 and 803 as statements of a party opponent or statements for purposes of medical diagnosis or treatment.

974678v1

WHEREFORE, the defendant, Lowe's Home Centers, Inc. requests that this Court deny the plaintiff's motion in limine.

> Defendant,
> Lowe's Home Centers, Inc.,
> By its attorneys,
>
> **MORRISON MAHONEY LLP**
>
> */s/ Thomas C. Federico*
> _____
> Thomas C. Federico, BBO #160830
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

### Affidavit of Counsel

I, Thomas C. Federico, counsel for the defendant Lowe's, state that the foregoing statements are made to the best of my knowledge and belief based upon my personal knowledge and a review of the relevant file materials.

> */s/ Thomas C. Federico*
> _____
> Thomas C. Federico, BBO #160830

### CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

> */s/ Thomas C. Federico*
> _____
> Thomas C. Federico, BBO #16083

Dated: 21 November 2005

974678v1