UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12678-WGY

| | |
|---|---|
| JOSEPH LOMBARDI,<br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| LOWE'S HOME CENTERS, INC.,<br>    Defendant. | )<br>)<br>)<br>) |

## DEFENDANT'S REQUEST FOR INSTRUCTIONS TO THE JURY

In accordance with Rule 51(a) of the Federal Rules of Civil Procedure, the defendant, Lowe's Home Centers, Inc., requests that this Court instruct the jury on the law as set forth below.

1. A store proprietor is obligated to use reasonable care to keep its premises reasonably safe for the use of its customers and to warn its customers against dangers attendant upon such use which are not likely to be known to its customers, but are or should have been known to the store proprietor.

    Thurlow v. Shaw's Supermarkets, Inc., 49 Mass. App. Ct. 175, 176 (2000); Vance v. Gould, 355 Mass. 104, 107 (1968); Tetreault v. Dupis, 351 Mass. 710, 710 (1967); Adriance v. Henry Duncan Corp., 291 Mass. 202, 203 (1935).

2. A store proprietor is not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances would reasonably indicate.

    Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 593 (1994).

3. Lowe's had the right to assume that persons who frequented its premises would exercise ordinary care and circumspection as to their footing.

    Brooks v. Sears Roebuck & Co., 302 Mass. 184, 186-187 (1939), citing Hoyt v. Woodbury, 200 Mass. 343, 345 (1909).

4. The first question that as a jury you need to determine is whether or not there was a defect or hazard in the aisle. If there was no defect or hazard then you cannot hold Lowe's liable.

972353v1

Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 592-593 (1994).

5. In order to prove his claim, the plaintiff must prove, by a fair preponderance of the evidence, one of the following things:

    (1) that Lowe's created the alleged defective condition upon which the plaintiff fell;

    (2) that Lowe's had actual notice of the alleged defect and failed to repair it or warn of its existence; or

    (3) that the alleged defect was present for such a length of time that Lowe's should have known about it.

    Oliveri v. M.B.T.A., 363 Mass. 165, 166 (1973); Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 593 (1994).

6. If you find that Lowe's did not have a reasonable opportunity to discover and remedy the alleged hazardous condition—that is Lowe's had no actual or constructive knowledge of the alleged hazardous condition such that it could not reasonably remove or warn the plaintiff of the potential danger—then Lowe's did not breach its duty of care, and you must find for Lowe's.

    Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 593 (1994); Oliveri v. M.B.T.A., 363 Mass. 165, 166 (1973).

7. There is no duty upon a landowner to warn of conditions, dangers or risks which are open and obvious and would be recognized by persons of ordinary intelligence. Therefore, in the event that you find that there was a hazard in the aisle, Lowe's had no duty to protect Mr. Lombardi from any danger that was open and obvious.

    O'Sullivan v. Shaw, 431 Mass. 201 (2000); Lyon v. Morphew, 424 Mass. 828, 833 (1997); Toubiana v. Priestly, 402 Mass. 84, 89 (1988); Young v. Atlantic Richfield Co., 400 Mass. 837, 842 (1988).

8. The law requires that a plaintiff act as a reasonable person would under the circumstances to avoid a foreseeable risk of harm. If you find that the plaintiff did not exercise reasonable care for his own safety, you must also find that he was negligent. Comparative negligence may be established by Mr. Lombardi's own conduct showing carelessness contributing to his injury, notwithstanding his own testimony as to care used by him.

    Correia v. Firestone Tire and Rubber Co., 388 Mass. 342, 352 (1983); Allen v. Chance Manufacturing, 398 Mass. 32, 34 (1986).

9. As to what constitutes comparative negligence, there is no substantial difference between "want or lack of due care" and "comparative negligence." Both terms refer to the kind

and degree of care for his own safety that an ordinary reasonable person would exercise under the same circumstances.

M.G.L., c.231, 85; O'Connor v. Hickey, 268 Mass. 454, 460-61 (1929); Gilman v. Deerfield, 81 Mass. 577, 581-82 (1860).

10. Care imports attention, heedfulness, caution; and to use or take any degree of care there must be some vigilance, some exercise of the faculties to preserve what it is desirable to save, or to avoid the danger or avert the peril to which a person may be exposed.

Gilman v. Deerfield, 81 Mass. 577, 580 (1810); O'Connor v. Hickey, 268 Mass. 454, 461 (1929).

11. The law requires that an individual act as a reasonable person would under the circumstances to avoid a foreseeable risk of harm. Therefore, Mr. Lombardi was under an obligation to use his own common sense to protect and guard himself from obvious hazards. If you find that Mr. Lombardi did not exercise reasonable care for his own safety, you must also find that he was negligent.

M.G.L., c.231, §85; Mathis v. Massachusetts Electric Co., 409 Mass. 256, 261 (1991).

12. If Mr. Lombardi's injury was caused solely by his own negligence, and not to any degree by any conduct of Lowe's, then Mr. Lombardi is not entitled to recover damages from Lowe's.

M.G.L., c.231, §85; O'Sullivan v. Shaw, 431 Mass. 201, 209-211 (2000).

    Respectfully submitted,
    Defendant,
    Lowe's Home Centers, Inc.,
    By his attorneys,

    /s/ *Thomas C. Federico*

    Thomas C. Federico, BBO # 160830
    Jacy L. Wilson, BBO # 658923
    MORRISON MAHONEY LLP
    250 Summer Street
    Boston, MA 02210
    (617) 439-7500

## Certificate of Service

I hereby certify that this documents(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 25 January 2006.

/s/ *Thomas C. Federico*

―――――――――――――――――
Thomas C. Federico