**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO: 04-12678-WGY**

JOSEPH LOMBARDI,
      Plaintiff

V.

LOWE'S HOME CENTERS, INC.,
      Defendant

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Now comes the Plaintiff and respectfully submits these proposed jury instructions, in accordance with the law and the directives of the Court:

1.      Members of the Jury, you are about to begin your final duty, which is to decide the fact issues in this case.  Before you do that, I will instruct you on the law.

It is obvious to me throughout the trial that you faithfully discharge you duty to listen carefully to all the evidence and to observe each of the witnesses.  I now ask you to give me that same close attention, as I instruct you on the law.

My function as the Judge in this case has been to see that this trial was conducted fairly, orderly, and efficiently.  It was also my responsibility to rule on what you may consider as evidence, and to instruct you on the law which applies to this case.

It is your duty as Jurors to accept the law as I state it to you.  You should consider all my instructions as a whole.  You may not ignore any instruction, or give special attention to any one instruction.  You must follow the law as I give it to you whether you agree with it or not.

2.      It was the duty of both lawyers in this case to object when the other side offered evidence which that lawyer believed was not admissible under our rules of evidence.  They also have an obligation to ask to speak to me at the judge's bench about questions of law, which the law requires me to rule on out of your hearing.

The purpose of such objections and rulings is not to keep relevant information from you. Just the opposite: they are to make sure that what you hear is relevant to this case, and that the evidence is presented in a way that gives you a fair opportunity to evaluate its worth.


3.      Your function as the jury is to determine the facts of this case. You are the sole and exclusive judges of the facts. You alone determine what evidence to accept, how important any evidence is that you *do* accept, and what conclusions to draw from all the evidence. You must apply the law as I give it to you to the facts as you determine them to be, in order to decide whether the plaintiff has proved his case.

You should determine the facts based solely on a fair consideration of the evidence. You are to be completely fair and impartial, and you are not to be swayed by prejudice or by sympathy, by personal likes or dislikes, toward either side. You are not to allow yourselves to be influenced because the claims are popular or unpopular with the public.

You are not to decide this case based on what you may have read or heard outside of this courtroom. You are not to engage in any guesswork about any

unanswered questions that remain in your mind, or to speculate about what the real facts might or might not have been.

You should not consider anything I have said or done during the trial—in ruling on motions or objections, or in comments to the attorneys, or in questions to witnesses, or in setting forth the law in these instructions—as any indication of my opinion as to how you should decide the case. If you believe that I have expressed or hinted at any opinion about the facts of this case, please disregard it. I have no opinion about the facts or what your verdict ought to be; that is solely and exclusively your duty and responsibility.

In short, you are to confine your deliberations to the evidence and nothing but the evidence.

During the course of this trial, I have had occasion to admonish or reprimand an attorney. You are to draw no inference against [him/her] or [his/her] client because of that. It is the duty of the attorneys to offer evidence, to object, and to argue to you on behalf of their side. It is *my* function to exclude evidence or argument that is inadmissible under our rules, and to admonish attorneys when I feel that is necessary for an orderly trial. You should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I do or do not like a lawyer. The issue is not which attorney is more likeable; the issue is whether the plaintiff has proved [his/her] case.

In fact, in this case, I would like to express my thanks to each of the attorneys for their conscientious efforts on behalf of their clients and for the assistance that they have given me during this trial.

Your verdict must be based solely on the facts as you find them from the evidence, and on the law as I explain it to you. Nothing else that may have happened in this courtroom is relevant to your deliberation and the verdict.

4.    You are to decide what the facts are solely from the evidence admitted in this case, and not from suspicion or conjecture.  The evidence consists of the testimony of witnesses, as you recall it, any documents or other things that were received into evidence as exhibits, and any fact on which the lawyers have agreed or which I have told you that you may accept as proved.  You will have all of the exhibits with you in the jury room.  You alone will decide the weight that is the value that they deserve to receive in helping you make your ultimate judgment about whether the Plaintiff has proved his case.  You are not required to believe something simply because it is written on a piece of paper.  You are not, of course, required to disbelieve it because it appears there.  Whether to believe what an exhibit purports to show and how much weight to give the exhibit is entirely for you to decide.

Of course, the quality or strength of the proof is not determined by the sheer volume of evidence or the number of witnesses or exhibits.  It is the weight of the evidence, its strength tending to prove the issue at stake that is important.  You might find that a smaller number of witnesses who testify to particular facts are more believable than a larger number of witnesses who testify to the opposite.

Some things that occur during a trial are *not* evidence and you may *not* consider them as evidence in deciding the facts of this case. A question put to a witness is never evidence; only the answers are evidence. Also, you may not consider any answer that I struck from the record and told you to disregard. Do not consider such answers. You may not consider any item that was marked for identification but was never received in evidence as an exhibit. Anything that you may have seen or heard when the court was not in session is not evidence.

*Page of 8*

The opening statements and the closing arguments of the lawyers are not a substitute for the evidence. They are only intended to assist you in understanding the evidence and the contentions of the parties. My instructions and anything that I have said in passing during the trial are not evidence.  If your memory of the

testimony differs from the attorneys' or mine, you are to follow your own recollection

5.    There are two types of evidence that you may use to determine the facts of a case: direct evidence and circumstantial evidence. You have direct evidence where a witness testifies directly about the fact that is to be proved, based on what [he/she] claims to have seen or heard or felt with [his/her] own senses, and the only question is whether you believe the witness. You have circumstantial evidence where no witness can testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact that is to be proved.

Let me give you an example. Your daughter might tell you one morning that she sees the mailman at your mailbox. That is *direct* evidence that the mailman has been to your house. On the other hand, she might tell you only that she sees mail in the mailbox. That is *circumstantial* evidence that the mailman has been there; no one has seen him, but you can reasonably infer that he has been there because there is mail in the box.

INFERENCES

6.  An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Inferences are things you do every day: little steps in reasoning, in which you take some known information, apply your experience in life to it, and then draw a conclusion.

You may draw an inference even if it is not necessary or inescapable, so long as it is reasonable and warranted by the evidence.

Let me give you an example of what an inference is. If your mailbox was empty when you left home this morning, and you find mail in it when you go home tonight, you may infer that the mailman delivered the mail. Now, obviously, you did not see the mailman deliver the mail, but from the fact that it was empty this morning and is filled tonight, you can properly infer that the mailman came in the interim and delivered the mail. That is all that we mean by an inference.

.

7.    During this trial, it is the duty of the attorneys to object to evidence that may not be admissible under our rules of evidence.

If I "sustain" an objection—that is, if I do not allow the witness to answer—you are to disregard that question and you must not wonder or guess about what the answer might have been. An unanswered question is not evidence.

Please note also that a lawyer's question itself, no matter how artfully phrased, is not any evidence. A question can only be used to give meaning to a witness's answer. If a question includes any suggestions or insinuations, you are to ignore them unless I permit the witness to answer and the witness confirms those suggestions.

All of this comes down to a simple rule: testimony comes from the witnesses, not from the lawyers.

## CREDIBILITY OF WITNESSES

8.    It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did *not* happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be *what* a witness says, but *how* [he/she] says it that might give you a clue whether or not to accept [his/her] version of an event as believable. You may consider a witness's character, [his/her] appearance and demeanor on the witness stand, [his/her] frankness or lack of frankness in testifying, whether [his/her] testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity [he/she] had to observe the facts about which [he/she] testifies, the degree of intelligence [he/she] shows, whether [his/her] memory seems accurate.

You may also consider [his/her] motive for testifying, whether [he/she] displays any bias in testifying, and whether or not [he/she] has any interest in the outcome of the case.

When you evaluate how reliable a witness's testimony is, you may take into account whether that witness made an earlier statement that differs in any significant way from his or her present testimony at trial. It is for you to say how significant any difference is. The earlier statement is not itself evidence of any fact that is mentioned in it.

To repeat, if a witness's earlier statement is not consistent with his or her present testimony, you may take that into account when you determine how much belief to give that witness's present testimony from the witness stand. The prior statement is relevant only as to the witness's credibility, and you may not take it as proof of any fact contained in it.

Normally you may not consider any statement that a witness made in the past which is similar to that witness's testimony at trial. That rule rests in part on our common experience that saying something repeatedly does not necessarily make it any more or less true. But we make an exception to that rule where there has been a suggestion that a witness may have recently contrived [his/her]

testimony. In determining how reliable a witness is who has been accused of recently inventing [his/her] testimony, you may consider any earlier statements that the witness made which are consistent with [his/her] present testimony. It is for you to say how important the consistency is, depending on when any earlier statement was made and any other circumstances that you consider significant.

9.    Ladies and gentlemen, when we impanel a jury at the beginning of a trial, we never know whether some personal emergency will arise during the course of the trial which will require that one of the jurors be excused from further jury duty. To avoid having to start the trial over again if that should occur, we impanel fourteen jurors, even though the case will eventually be decided by only twelve of you.

The time has now come to reduce your number to that twelve. The clerk will draw one of your names at random. That juror will be designated as an alternate juror, and will not take part in your deliberations unless it is necessary to provide a substitute for one of the other jurors.

If fate makes you the alternate juror, please do not take it personally. Your presence up to this point, and your continuing availability if you should be needed, is itself an important contribution to the administration of justice. The court officer will make you as comfortable as possible while the jury deliberates.

The clerk will now reduce the jury to twelve jurors.

I want to reemphasize my request that you draw no conclusions from the fact that on occasion I asked questions of some witnesses. I intended those questions only to clarify or expedite matters. They were not intended to suggest any opinions on my part about your verdict or about the credibility of any witness. You should understand that I have no opinion as to the verdict you should render in this case.

STANDARD OF PROOF

10.    The standard of proof in a civil case is that a plaintiff must prove [his/her] case by a preponderance of the evidence. This is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. By contrast, in a civil case such as this one, the plaintiff is not required to prove [his/her] case beyond a reasonable doubt. In a civil case, the party bearing the burden of proof meets the burden when [he/she] shows it to be true by a preponderance of the evidence. The standard of a preponderance of the evidence means the greater weight of the evidence. A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true.

A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probable in the sense that there exists in your minds an actual belief in the truth of that proposition derived from the evidence, notwithstanding any doubts that may still linger in your minds.

Simply stated, a matter has been proved by a preponderance of the evidence if you determine, after you have weighed all of the evidence that that matter is more probably true than not true.

NEGLIGENCE:

11.    The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances.

Negligence is doing something that a reasonable prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudence would do.

The classic definition of negligence is this:

Negligence is the failure of a responsible person, either by omission or by action, to exercise that degree of care, diligence, and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances.  It a want of diligence commensurate with the requirement of the duty at the moment imposed by the law.

12.   The facts in this case involve an injury that took place in Lowes' Home Centers, in Worcester on April 8, 2004.  The parties have stipulated that Mr. Lombardi fell at that Worcester store.

In this case, Mr. Lombardi is claiming that the defendant acted negligently by placing loose balusters on the floor.

In order to recover in this lawsuit, the plaintiff has the burden of proving by a preponderance of the evidence the following four elements:

First, the plaintiff must prove that the defendant owed him a duty of care.

Second, the plaintiff must prove that the defendant breached that duty of care or in other words was negligent.

Third, the plaintiff must prove that he suffered an injury or harm.

Fourth, the plaintiff must prove that the defendant's breach of duty was a cause of the plaintiff's injury or harm.

You are instructed that as a matter of law the defendant owed the plaintiff a duty to exercise reasonable care under the circumstances of this case.

The amount of care that the prudent person would exercise varies with the circumstances, the care increasing with the likelihood and severity of the harm threatened.

Therefore, based on the facts you find from the evidence submitted in this case, you are to determine how a person of reasonable prudence would act in these circumstances.

Your determination of how a prudent person should act in these circumstances will form the basis of what is reasonable care under the facts of this case, that is, allowing loose balusters to be stored on the floor.

After making this determination, you are to compare the standard of reasonable care of a prudent person with the type of care exercised by this defendant. In determining whether or not the defendant acted with reasonable care, you are to consider not only whether Lowe's new of the risks involved, but also whether Lowe's should have known of the risks.

The test is an objective one.

If you find that Lowe's did not exercise the amount of care which a prudent person would exercise under the same circumstances, namely, reasonable care, then your verdict will be for Mr. Lombardi. If you find that the defendant did exercise the amount of care which a reasonably prudent person would have exercised under the same circumstances, then you must find that Lowe's did not breach their duty of care to Mr. Lombardi and your verdict will be for the defendant.

CAUSATION

13.     If you decide that Lowe's was negligent, you must then consider whether Lowe's negligent conduct caused or worsened the plaintiff's injuries. Even if you find that Lowe's was negligent, they are not liable to Mr. Lombardi unless their negligence caused Mr. Lombardi's injury.

14.     Mr. Lombardi need only show that there was greater likelihood or probability that the injury he suffered, the torn rotator cuff of his right shoulder, was due to causes for which Lowe's was responsible than from any other cause.

15.     Mr. Lombardi is not required to show the exact cause of his injury or to exclude all possibility that it resulted without the fault of the defendant.  It is enough if Mr. Lombardi showed that the harm which befell him was more likely due to Lowe's negligence than to some other cause which the defendant is not liable. Rocha v. Alber,  302 Mass. 155, 157-158.

SUBSTANTIAL FACTOR

16.     The defendant's conduct was the legal cause of the plaintiff's injury if it was a substantial factor in bringing it about and without which the harm would not have occurred.

17.     It does not matter whether other concurrent causes contributed to the plaintiff's injuries so long as you find that the defendant's conduct was a substantial factor. "Substantial" is used here in its ordinary sense which requires no further elaboration.

18.     Furthermore, to establish causation, the plaintiff must show that the harm was reasonably foreseeable to a person in Lowe's Home Centers position at the time of their negligence. Mr. Lombardi does not have to establish that Lowes foresaw, or should have foreseen, the exact manner in which the harm occurred; but he

must show that this harm was a natural and probable consequence of the defendant's negligence.

19. What that means is that Mr. Lombardi is not required to show the exact cause of his injuries or to exclude all possibility that they resulted without the fault of Lowes.

20. Mr. Lombardi need only show that the harm was more likely due to Lowe's negligence than to some other cause.

FORESEEABILITY

21. Lowe's is liable for those injuries that are a reasonably foreseeable consequence of their negligence. When we say that something is foreseeable, we mean that it is a probable and predictable consequence of the defendant's negligent acts or omissions. Thus, if Lowe's should have realized that their conduct might cause harm to a person in Mr. Lombardi's position in substantially the manner in which it was brought about, the injury is regarded as the legal consequence of the defendant's negligence.

STANDARD OF CARE

22.    A land owner or one in control of premises owes a duty of reasonable care to all lawful visitors.

23.    Lowe's has a duty to take steps which are reasonable and appropriate to prevent injury under all of the circumstances, taking into account the likelihood of injury to others, the seriousness of the harm that may occur, the burden of avoiding its risk, and proper allocation of the risks involved.


. COMPENSATORY DAMAGES

24.    I now turn to the subject of damages. You will only reach the issue of damages if you find that Lowe's was negligent and that Lowe's negligence was a proximate cause of Mr. Lombardi's injury. If you find that Mr. Lombardi is entitled to damages, then, as with all the other elements, Mr. Lombardi bears the burden of proving his damages by a fair preponderance of the evidence. The purpose of the law in awarding damages is to compensate for the losses incurred because of another's negligent conduct. Damages are to be awarded as fair and reasonable compensation .

25.    There is no special formula under the law to assess Mr. Lombardi's damages. It is your obligation to assess what is fair, adequate, and just. You must use your wisdom and judgment and your sense of basic justice to translate into dollars and cents the amount which will fully, fairly, and reasonably compensate Mr. Lombardi. You must be guided by your common sense and your conscience on the evidence of the case.

26.    In determining the amount of damages which Mr. Lombardi is entitled to recover, there are certain areas which you should take into consideration.

    If you find the Lowe's is responsible for the injury to Mr. Lombardi, Lowe's is liable for all natural consequences following from Mr. Lombardi's injuries, including any

possible prolongation of disability from this accident, caused by the existence of a pre-existing physical defect or subnormal physical condition of Mr. Lombardi.  The Jefferson Myers,  45 F.2d 46 (2nd Cir.  1930); Oliver v. Yellow Cab Co., 98 F.2d 192 (7th Cir. 1938); United States Fidelity and Guaranty Co. v. United States, 152 F.2d 46 (3rd Cir. 1945); Restatement of Torts, §46;

27.    It is the general rule that one who negligently inflicts a personal injury on another is responsible for all ill effects which, considering the condition of health in which Mr. Lombardi was when he received the injury, naturally and necessarily Lowe's liability is in no way lessened or affected by reason of the fact that the injuries would not have resulted had Mr. Lombardi been in good health, or that they were aggravated or rendered more difficult to cure;

In other words, if the presence of disease or existing physical condition aggravates and prolongs the injury and correspondingly increase the damages, such increased or added damages may be recovered.

Your verdict for Mr. Lombardi should be returned in a lump sum and should include the following:

a.    Damages for pain, suffering, and mental anguish that Mr. Lombardi has endured in the past and will endure in the future as a result of the injuries which he suffered in this accident.  Such damages include the pain and anguish which he has sustained and will sustain because of the injury to his person and body; the pain and distress which he has suffered because of his injury and treatment; the pain and the embarrassment which he suffered and the resulting loss of use of his right shoulder.  Such damages include not only

physical pain, but also mental pain and anguish Mr. Lombardi suffers because of his injuries, as well as his inability to pursue occupations and avocations for which he was qualified before April 8, 2004.

b.    In determining the monetary value of pain and suffering, you must take into account not only the pain, suffering, and mental anguish Mr. Lombardi has experienced in the past, but also that which you can reasonably anticipate he will undergo in the future.  In this regard, you may consider the work life expectancy of the U.S. National Center for Health Statistics, which indicate that Mr. Lombardi has work life expectancy of 3.8 years. (Exhibit   ).

c.    Mr. Lombardi will be entitled to recover a sum which will compensate him for any medical expenses which he may reasonably expect to incur in the future in the course of treating his injury.

d.    Mr. Lombardi will also be entitled to recover a sum representing past lost wages resulting from the time of the accident to the time of this trial.

e.    Mr. Lombardi is entitled to recover a sum representing the loss of income which he can be reasonably expected to sustain in the future over the course of his work life expectancy due to the injury which he sustained in this accident.

f.    Mr. Lombardi is entitled to recover damages for loss of enjoyment of life, including the loss of the daily and habitual activities with his family, his friends and acquaintances.

g.    Mr. Lombardi is entitled to monetary compensation for his disability in performing social activities, sporting activities and other customary and usual activities of daily living.

Such damages as you determine are to be awarded for each of the foregoing items are to be added together and returned in one lump figure, according to the verdict sheet.

"The rule of damages is a practical instrumentality for the administration of justice; The principle on which it is founded is compensation.  Its object is to afford the equivalent in money for the actual loss caused by the wrong of another." Sullivan v. Old colony Street Railway,  197 Mass. 512, 516 (1908); Daniels v. Celeste, 303 Mass. 148, 150 (1939).

"A Plaintiff who has suffered physical injury through the fault of a Defendant is entitled to recover for pain and suffering; for reasonable expenses incurred by him for surgical and medical care and nursing in the treatment and cure of his injury; for diminution in his earning power; and for such pain and suffering and diminution of earning capacity as are shown to be reasonably probable to continue in the future. The measure of damages is fair compensation for the injury sustained."  Mr. Lombardi is entitled to recover for those damages stated, past, present, and future.  Rodgers v. Boynton,  315 Mass. 279, 280 (1943), citing Sullivan v. Old Colony Street Railway, 197 Mass. 512, 516 (1908); See Mitchell v. Walton Lunch Co.,  305 Mass. 76 (1940); Doherty v. Ruiz, 302 Mass. 145, 147 (1939); Daniels v. Celeste,  303 Mass. 148, 150 (1939); Cross v. Sharaffa,  281 Mass. 329, 331 (1933).

28.    In determining Mr. Lombardi's damages, "you should take into consideration the mental and physical pain and suffering endured by him since his injuries and in consequence thereof, and whether they are temporary or permanent, and find for him in such sum as your judgment, under all the facts and circumstances in evidence, will be a full, fair, adequate, and reasonable compensation for his for whatever injuries and disabilities he has sustained and will continue to sustain as any result of the negligence of Lowes Home Centers.  See v. Kelly,  363 S.W. 2d 213, 218 (Mo. App. 1962).

29.    Mr. Lombardi is entitled to recover, as an element of his damages, "compensation for diminution of earning power, or conversely, for that part of Mr. Lombardi's capacity to work and earn of which he had been deprived…One who was not working at the time of his injury may nevertheless recover for impaired power to work and earn….A person may have an earning capacity in excess of the wages paid him on the job that he happens to have at the time of the injury…The diminution in earning capacity of Mr. Lombardi and not that of some standard of a normal person in his position, furnishes the test."  Doherty v. Ruiz,  302 Mass. 145, 146-47 (1939).

30.    You, the jury, may consider the life tables of the Department of Health and Human Services, Vital Statistics of the United States, to prove the probable duration of Mr. Lombardi's life, both as it would relate to future lost earning capacity and to future pain and suffering and impairment, relative to the effects of his injury.  In this regard you may consider that Mr. Lombardi's life expectancy is 15.2 years. And his work-life expectancy is 3.8 years.  Turcotte v. DeWitt, 332 Mass. 160, 163-64 (1955).

31.    "The determination of damages for the impairment of earning capacity is not susceptible to arithmetical calculation; its ascertainment must to a large degree depend upon the practical sagacity, common knowledge, and good sense of the jury in considering the age, skill, training, experience, and industry of Mr. Lombardi, the extent of his physical injury, the wages commonly received by one

pursuing a similar occupation in the vicinity of Mr. Lombardi's employment, and whatever other evidence is introduced to aid them in arriving at a just conclusion." <u>Mitchell v. Walton Lunch Co.,</u> 306 Mass. 76, 78 (1940).

32.   " ……Evidence of occupational education, capacity, duties, and experience…." May be considered in valuation of loss of earning capacity. <u>Doherty v. Ruiz,</u> 302 Mass. 145, 147 (1939).

33.   The law commands that the wrongdoer pay what justice requires and common sense dictates. Lowe Home Centers, Inc. cannot escape accountability for their wrongful acts on the basis that their responsibility cannot be computed to the last dollar and penny. <u>Sangler v. Helms New York-Pittsburgh Motor Express,</u> 396 Pa. 482, 484-485, 153 A.2d 490 (1959).

34.   If the jury determines "that Mr. Lombardi's pain and suffering would continue indefinitely,: then the jury is warranted in considering Mr. Lombardi's "life expectancy……even if his earning capacity was not impaired." <u>Cuddy v. L. and N Equipment Co.,</u> 352 Mass. 458, 462 (1967)

35.   Mr. Lombardi is entitled to recover damages, not only for the direct harm he sustained on April 8, 2004, but also for the reasonably foreseeable consequences of that harm, including damages for and/or from future treatment, surgery, pain control, or disabling condition by reason of such treatment necessitated by the injury. <u>Whalen v. Boston,</u> 304 Mass. 126, 127 (1939); <u>Hartnett v. Tripp,</u> 231 Mass. 382, 385 (1918).

Respectfully submitted,
By his attorney,

/s/  Frances A. King

_____
Frances A. King
10 Tremont Street, Suite 3, Boston, MA 02108

## CERTIFICATE OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), this 27th day of January, 2006.


/s/ Frances A. King


_____

Frances A. King