UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO: 04-12678-WGY**

JOSEPH LOMBARDI,
    Plaintiff

V.

LOWE'S HOME CENTERS, INC.,
    Defendant

### PLAINTIFF'S REQUEST FOR LIMITED VOIR DIRE

1. Do you have any opinions about a person who brings a lawsuit against someone else that could affect you ability, in any way, to be a juror in this case?

2. Does anyone have close friends or relatives who have ever been a Plaintiff or a Defendant in a lawsuit?

3. Have you read or heard any new media, including newspapers, television programs, radio shows, magazines about the "Tort Liability" crisis? Has anything that you have heard affected, in any way, you ability to serve on a civil lawsuit or in a case when someone is hurt in a retail store?

4. Can you give an award that is fair and reasonable, no matter how much of money is involved if the Plaintiff proves his case?

5. Would any of you find it difficult to find a Defendant legally responsible where the conduct was merely negligent and where there may not have been any intent to cause an accident or harm?

6. In this case, the damages include economic damages, such as medical bills, and also for certain non-economic damages such as past pain and suffering, future pain and suffering, loss of shoulder function and the loss of enjoyment of daily life. Is there anyone here who would have some personal, philosophical, moral, political or other objections to awarding monetary compensation for these types of intangible non-economic damages?

7. In criminal cases, the requirement as to degree of proof is different from what it is in a civil case. In a criminal case, the prosecution has the burden of proof. It must convince the jury beyond a reasonable doubt that the Defendant is guilty. In a civil case, the Plaintiff has a lesser burden and need prove his case only by a fair preponderance of the evidence. On some issues, the Defendants may have the burden of proof. Will you follow and apply the law in this case as the Court instructs you, particularly as to the

        degree of proof?  Will you place aside any understanding you may have of law and follow my instructions regarding responsibilities of each of the parties?

8. Does any member of the jury pool hold stock, share, or interest in a casualty insurance company or in the stock of Lowes home centers.

9. Has anyone here or any member of your family or close friends ever sustained a shoulder injury?

10. Are you or any of your family members or close friends involved in a slip and fall accident that resulted in a lawsuit or claim?  Is so, what are the circumstances, and would that issue play any role in your determination of this case?

11. Is anyone here or member of your family a medical Doctor or someone trained in orthopedic injuries, physical therapy, psychological therapy or associated medical or healthcare professions?

12. Do you have any preconceived ideas about people that bring cases following an accident:  Would those opinions, in any way, affect your determination in this case?

13. Do you have any opinions concerning lawyers who represent people who bring personal injury claims?  Would those opinions affect in any way your determination of this case?

14. Have you or a close family or friend ever been sued?  What were the circumstances?  Would that experience affect, in any was, your determination of this case?

15. Do you have any idea of what sum of money should be awarded in this case, before we have heard the evidence?  Do you have any opinions about nay awards given in any personal injury cases?  Would those opinions affect in any way, the award that you would give in this case?

16. Have you heard anything in the media about personal injury cases, the people that bring them or the attorneys involved that could, in any was, affect your determination in this cases on any issue, including an award of damages?  Is so, what have you heard?  Does that fact that you have heard such information or opinion affect, in any way, your ability to sit on this case?

17. Are you open to evidence concerning the diminution and value of Mr. Lombardi's future earning capacity, should such evidence be properly adduced and proven to your satisfaction?

18. Are you willing to follow my instructions on the law concerning the diminution of Mr. Lombardi's earning capacity as a result of the occurrence of April 8, 2004?

Respectfully submitted,
By his attorney,

/s/ Frances A. King

_____
Frances A. King

## CERTIFICATE OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), this 27th day of January, 2006.

/s/ Frances A. King

_____

Frances A. King